UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHOENIX PHARMACOLOGICS, INC., )<br>)<br>Defendant )<br>) | Civil Action No. 04-1285 GMS |

**SCHEDULING ORDER**

This ___ day of February, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on February 4, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED THAT:

1. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before February 15, 2005.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties shall be made on or before March 1, 2005 and all motions to amend the pleadings shall be made on or before July 1, 2005.

3. **Discovery.**

    a. <u>Discovery deadlines</u>. All discovery in this case shall be initiated so that it will be completed on or before October 3, 2005. Opening expert reports on issues as to which a

1

party has the burden of proof shall be served on or before October 31, 2005. Rebuttal expert reports shall be served on or before November 30, 2005. All expert discovery shall be completed on or before December 21, 2005.

        b.     <u>Discovery disputes.</u> Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a jointly prepared agenda letter not to exceed two (2) pages outlining the issues in dispute. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    4.    **<u>Confidential Information and Papers filed under Seal</u>**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

    **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

6. **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties shall submit letter briefs seeking permission to file the motion. Opening letter briefs shall be no longer than five (5) pages and shall be filed with the Court no later than October 3, 2005. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than October 10, 2005. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before October 17, 2005. The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted on October 24, 2005 at 10:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

7. **Case Dispositive Motions.** Should the Court permit the filing of summary judgment motions an opening brief and affidavits, if any, in support of the motion shall be served ten (10) days after the Court renders its decision to permit the filing of summary judgment motions. Parties must submit an original and two (2) copies. Briefing shall proceed according to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for approval.

8. **Applications by Motion.** Except as provided by this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or

correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

10. **Status/Daubert Conference.** On or before December 1, 2005, the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on December 8, 2005 at 11:00 a.m. to discuss Daubert issues identified in the joint agenda.

11. **Pretrial Conference.** On March 29, 2006, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). On or before January 31, 2006, Plaintiff's counsel shall forward to Defendant's counsel a draft of the pretrial order containing the information Plaintiff proposes to include in the draft. On or before February 10, 2006, Defendant's counsel shall, in turn, provide to Plaintiff's counsel any comments on the Plaintiff's draft as well as the information Defendant proposes to include in the proposed pretrial order. On or before February 20, 2006, Plaintiff's counsel shall provide to Defendant's counsel any comments on the information Defendant proposes to include in the pretrial order. Motions *in limine*: No party shall file more than five (5) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by February 28, 2006. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. Pretrial orders shall be filed on or before February 28, 2006.

12.     **Trial.** This matter is scheduled for a five (5) day non-jury trial beginning at 10:00 a.m. on April 24, 2006.

13.     **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE
