IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENZON PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 04-1285-GMS |
| PHOENIX PHARMACOLOGICS, INC., | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

**STIPULATION FOR THE PROTECTION OF
CONFIDENTIAL INFORMATION**

**I.   PREFACE**

The purpose of this protective order is to provide a streamlined process for protecting trade secrets or other confidential research, development, or commercial information that is relevant to the subject matter of this litigation. This protective order is not intended to change or lessen either party's obligation to have good cause, consistent with Rule 26(c), for protection of such information.

**II.   DEFINITIONS**

   **A. Confidentiality Definitions**

   1.   CONFIDENTIAL material shall be limited to trade secrets or other confidential research, development or commercial information that warrants protection under Rule 26(c).

   2.   UNCLASSIFIED material shall be whatever is not CONFIDENTIAL.

**B. Persons Definitions**

1. TRIAL COUNSEL refers exclusively to the following:

For Phoenix: The attorneys, paralegals, and support staff of Woodcock Washburn LLP; and the attorneys, paralegals, and support staff of The Bayard Firm.

For Enzon: The attorneys, paralegals, and support staff of Kenyon & Kenyon; and the attorneys, paralegals, and support staff of Young Conaway Stargatt & Taylor LLP.

2. STAFF shall refer exclusively to the following:

For Phoenix: Two individuals to be identified to Enzon who do not have day-to-day responsibility for research or for patent prosecution.

For Enzon: Two individuals to be identified to Phoenix who do not have day-to-day responsibility for research or for patent prosecution.

3. CONSULTANTS shall be independent experts or consultants (together with their clerical staff) retained by TRIAL COUNSEL to assist in the prosecution, defense, or settlement of this action.

4. VENDORS shall be persons retained to perform various services such as court reporting, video taping, drafting of exhibits, computerized legal support and management services, and jury consultation services.

5. QUALIFIED PERSONS shall refer collectively to this Court and its staff and to TRIAL COUNSEL, STAFF, CONSULTANTS, and VENDORS who have taken the steps set forth below to handle CONFIDENTIAL materials.

6. WITNESSES shall be persons who are identified on a document as author or recipient thereof.

**III. QUALIFICATION PROCESS**

### A. Trial Counsel

TRIAL COUNSEL shall read this protective order and inform their staff generally of its contents. All TRIAL COUNSEL agrees to be subject to this Court's jurisdiction.

### B. Staff

STAFF shall read this protective order and sign the consent attached as Exhibit A. The consent form shall be retained by TRIAL COUNSEL.

### C. Consultants

Prospective CONSULTANTS shall read this protective order and sign the consent form attached as Exhibit A. The consent form shall be retained by TRIAL COUNSEL.

In addition, prior to disclosing any CONFIDENTIAL information to a CONSULTANT, the party seeking to QUALIFY the CONSULTANT shall provide the other party with: (i) the name of the person; (ii) the present employer and title of the person; and (iii) a current curriculum vitae of the person. Within ten (10) calendar days of mailing (via overnight delivery) or facsimile transmission of this information, the other party may object to the proposed CONSULTANT on a reasonable basis. The CONSULTANT shall be qualified either upon express approval of the other party or upon the failure of the other party to object to qualification of the CONSULTANT within ten (10) calendar days of the mailing (via overnight delivery) or facsimile transmission.

Failure to object to qualification of a CONSULTANT shall not preclude the non-objecting party from later objecting to continued access by that CONSULTANT where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. If a later objection is made, no further CONFIDENTIAL information shall be disclosed to the CONSULTANT until the matter is resolved by the Court or the

producing party withdraws its objection. The party objecting to any initial proposal of a CONSULTANT or the party making a later objection to a CONSULTANT after he or she has been qualified shall have the burden of filing a motion before the assigned Judge within 10 days after notifying the opposing side of its objection. The motion shall be noticed for the earliest possible date consistent with the Local Rules and the Judge's calendar.

### D. Witnesses

If either party believes that it is necessary to show a WITNESS a CONFIDENTIAL document that the other party has produced and that identifies the WITNESS as an author or recipient, the receiving party shall identify to the producing party the document (by Bates number) and the WITNESS to whom it is to be shown.

If the producing party believes that the WITNESS should not be shown the document, the producing party shall, within ten (10) calendar days of mailing (via overnight delivery) or facsimile transmission of identification of the document and the receiving party's intent to show it to the WITNESS, object by providing a general explanation for the basis of its belief and why a limitation on disclosure to the WITNESS is necessary and appropriate.

Upon the producing party's objection, the parties will confer and work diligently in an effort to determine if an agreement can be reached on disclosure, and if so, on the terms and conditions of the disclosure. If the parties are unable to reach agreement they shall present the matter to the Court in accordance with the procedure set forth in Paragraph 3(b) of the Scheduling Order.

### IV.   DESIGNATION PROCESS

**A. Generally**

### 1. Documents, Pleadings, and Discovery Material

1.     For purposes of this Order, CONFIDENTIAL information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example, and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, compositions, devices, models, prototypes, company records and reports, and any instrument which comprises, embodies or summarizes matter which a producing party considers proprietary and desires not to be made public.

2.     When copying is handled by the producing party, the producing party shall clearly label any materials containing CONFIDENTIAL information by marking each page of such materials with a legend, including the case caption, such as shown below, at the time copies are furnished to the receiving party.

CONFIDENTIAL<br>
Enzon Pharmaceuticals, Inc. v. Phoenix Pharmacologics, Inc.<br>
Civil Action No. 04-1285-GMS

3.     When copying is handled by the receiving party, promptly after copying documents the receiving party shall inform the producing party which documents it has copied. Within 10 days after such notice, or such other time period as the parties agree on or the court orders, the producing party shall notify the receiving party of its designations. Pending the designations, all such materials shall be treated as CONFIDENTIAL. It shall be the receiving party's obligation to assure that labels are affixed to each copy made that accurately reflects the producing party's designations.

4.  Any CONFIDENTIAL information not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth above shall be designated by the producing party by informing the receiving party in writing.

5.  Any party filing documents containing CONFIDENTIAL information with the court, such as portions of pleadings, motions and other documents, shall file such documents in a sealed envelope or other container containing bearing the legend:

CONFIDENTIAL – FILED UNDER SEAL

CONFIDENTIAL information delivered to the Clerk for filing under seal shall be maintained under seal by the Clerk in sealed envelopes or other appropriate sealed containers.

**2. Deposition Testimony**

Deposition testimony shall be designated as CONFIDENTIAL either during the course of the deposition or within 14 days after receiving a transcript. Deposition testimony shall be treated as CONFIDENTIAL for fourteen days after receiving the transcript unless an earlier designation is made. Designations made after the deposition shall be by page and line number.

**B. Inadvertence**

The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate CONFIDENTIAL designation, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the

subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify the receiving party in writing when inadvertent production is discovered.

If a party through inadvertence produces material without properly designating it, the producing party may give written notice to the receiving party designating such material as CONFIDENTIAL. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall, at the cost of the producing party, return said unmarked materials and not retain unmarked copies thereof, must treat such materials as CONFIDENTIAL, and shall cooperate in restoring the confidentiality of such materials.

Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be retained by counsel for the receiving party without further distribution and counsel shall not use such information for any purpose until further Order of the Court. The party producing such material may then move the court for an Order compelling return of the material, provided that any such motion must be made promptly after notifying the receiving party that privileged information or work-product material has been inadvertently produced. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information.

## V.   PROTECTION AFFORDED

### A. Confidential Information

Any CONFIDENTIAL information subject to this Order shall be used for the purpose of this litigation and not for any other business, proceedings, litigation, or other purposes whatsoever.

Access to CONFIDENTIAL material shall be limited to QUALIFIED PERSONS.

**B. Special Provision for Parties' Subsequent Access To Its Own Confidential Information**

The use of CONFIDENTIAL information by opposing counsel will not restrict the ability of TRIAL COUNSEL to show such materials or documents incorporating such material to the client who originally produced the CONFIDENTIAL information, providing that any such disclosure is limited to the client's own CONFIDENTIAL information and/or otherwise consistent with the terms of this Protective Order.

**C. Post-Litigation Protection**

**1. Return or Destruction**

Within thirty (30) days following the conclusion of this litigation, all CONFIDENTIAL information upon request, shall be returned to the producing party, or disposed of pursuant to agreement of the parties.

**2. Non-Use in Patent Prosecution**

No person shall employ CONFIDENTIAL information in the drafting of patent applications or patent claims or in the prosecution of patent applications.

**3. Continuing Effect**

The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court. However, this Order shall not be construed:

      a.      to prevent any party hereto or its TRIAL COUNSEL from making use of information that was lawfully in its possession before the approval by the Court of this Protective Order;

      b.      to apply to information that specifically appears in issued patents or printed publications through no fault of the non-producing party;

      c.      to apply to information that the other party or its outside trial counsel lawfully obtains from a third party having the right to disclose such information;

      d.      to apply to information developed independently by a party as reflected by written documents; or

      e.      to apply to information that is in the public domain before the date of entry of this order or subsequently becomes part of the public domain through no act of a non-designating party.

However, if one of the aforementioned circumstances occurs while this litigation is pending, the parties shall continue to treat the information as designated until they obtain confirmation that the information is no longer subject to this order, either through written agreement of the designating party or court order.

## VI. DECLASSIFICATION

### A. Meet and Confer Obligation

The parties shall meet and confer regarding any dispute regarding classification of CONFIDENTIAL information. At least five working days shall be allowed between when a dispute is raised and when a motion is filed with the Court, unless good cause for shortening such time is shown.

### B. Burden of Proof

The burden of proof to justify classification shall always be with the person seeking CONFIDENTIAL status. Nothing in this order shall change that burden.

## VII. NON-PARTIES

This Protective Order shall apply to non-party production of materials considered by the producing non-party or a party to contain trade secrets or other confidential research, development, or commercial information which warrants protection under Rule 26(c). As necessary, a party may ask a non-party to execute a document in the form of Exhibit A.

Dated: April 22, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll
John W. Shaw
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Attorneys for plaintiff,
Enzon Pharmaceuticals, Inc.

KENYON & KENYON

_____
Charles Weiss, Esquire
One Broadway
New York, NY 10004
(212) 908-6287

Dated: April 22, 2005

THE BAYARD FIRM

_____
Richard D. Kirk
222 Delaware Avenue, 9th floor
Wilmington, DE 19801
302) 655-5000

Attorneys for Defendant
Phoenix Pharmacologics, Inc.

WOODCOCK WASHBURN, LLP

_____
Joseph Lucci, Esquire
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

11

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 04-1285-GMS |
| PHOENIX PHARMACOLOGICS, INC., ) | |
| ) | |
| Defendant. ) | |

## DECLARATION AND UNDERTAKING

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is

_____

_____

_____.

4. I have received a copy of the Stipulated Protective Order entered in the above-captioned action signed by the Honorable Gregory M. Sleet on _____.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6.     I will comply with and agree to be bound by all of the provisions of the Stipulated Protective Order.

7.     I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of the above-captioned action, any CONFIDENTIAL information which is disclosed to me.

8.     I will return all CONFIDENTIAL information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained.

9.     I understand and acknowledge that violation of this Undertaking or the Stipulated Protective Order may be punishable by contempt of Court. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in the above-captioned action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:_____                    Signature:_____