# EXHIBIT C



# ENZON, Inc.

THIS IS AN IMPORTANT LEGAL DOCUMENT. BY SIGNING, YOU GIVE UP YOUR RIGHT TO SUE YOUR EMPLOYER. YOU SHOULD THOROUGHLY REVIEW AND UNDERSTAND THE EFFECT OF THIS AGREEMENT AND GENERAL RELEASE BEFORE ACTING ON IT. IF YOU DO NOT UNDERSTAND IT, DO NOT SIGN IT.

## AGREEMENT AND GENERAL RELEASE

**Notice:** You should discuss this document with your lawyer. You should thoroughly review and understand the effect of the Agreement and General Release before acting on it. Please take this Agreement and General Release home and consider it. You have twenty-two (22) days to decide whether or not to sign it. If you sign it, you have eight (8) more days to revoke your acceptance of this Agreement and General Release. After expiration of this eight (8) day period the Agreement and General Release becomes effective and enforceable.

This Agreement and General Release is between Mike Alan Clark, 3940 Hall Rd., Big Pine, FL 33043 (hereafter "Employee"), Enzon, Inc., a Delaware corporation having a principal place of business at 40 Kingsbridge Road, Piscataway, New Jersey 08854, and Symvex, Inc., a Delaware corporation having a principal place of business at 20 Kingsbridge Road, Piscataway, New Jersey 08854 (hereinafter both companies being referred to as "Enzon").

The terms of this Agreement and General Release ("Agreement") have been fully explained to Employee. Employee received this Agreement from Enzon on May 16, 1996.

1. Employee agrees that his/her employment with Enzon is/has been terminated as of April 22, 1996.

2. Employee has been advised to consult with an attorney prior to executing this Agreement. Employee has carefully considered other alternatives to executing this Agreement.

3. In exchange for Employee's execution of this Agreement, and non-revocation and final acceptance of it under the terms hereof, and compliance with the promises made in it, Enzon agrees to the following:

1

a. Employer will make a payment to you equal to four (4) weeks' salary, less all required deductions for taxes.

b. Employee's group medical and dental insurance premiums under COBRA shall be paid by Enzon until May 31, 1996. Employee will still be required to pay the current employee contribution for coverage to such date.

c. Employee shall be entitled to the individual career continuation service provided by Drake Beam Morin, Inc., as described in the attached memo from Drake Beam Morin, Inc., at Employer's expense.

d. On April 29, 1994, Employee was granted twenty thousand (20,000) stock options under the Enzon 1987 Non-Qualified Stock Option Plan. Notwithstanding the original terms of such options, Employee shall be entitled to exercise all twenty thousand (20,000) of such options granted on April 29, 1994 for a period of 190 days after April 22, 1996.

4. Employee and Enzon acknowledge and agree that they are fully aware that there are various federal, state and municipal laws which prohibit employment discrimination based on, including without limitation the following:

Race, age, sex, marital status, sexual orientation, citizenship, religion, creed, national origin, military or national guard service, mental, physiological or physical disability, jury duty, garnishments, arrest record or prior convictions, or attainment of pension or employee benefits including retirement, pension, severance and vacation pay.

2

5. Employee and Enzon acknowledge and agree that they fully understand and are aware that there are federal, state and municipal agencies which enforce and administer these laws and ensure their enforcement.

6. In exchange for Enzon's promises in Paragraph 3 above, Employee for himself/herself and his/her heirs, executors, administrators, successors and assigns (hereinafter collectively, "Employee") voluntarily and generally releases and forever discharges Enzon and all persons and entities acting on behalf of Enzon, including its stockholders, employees, officers, directors and agents, as well as their successors in their individual and representative capacity (hereafter referred to collectively as "Enzon") from all legal claims Employee had, or now has, whether or not known or suspected, as of the date of the signing of this Agreement. Employee promises not to commence an action against Enzon based upon claims or obligations arising out of his/her employment by Enzon or the termination of that employment. This General Release includes, for example, any legal claim based on any of the following:

    Title VII of the Civil Rights Act of 1964
    Older Worker's Protection Act;
    The Age Discrimination in Employment Act;
    The Employee Retirement Income Security Act;
    The Consolidated Omnibus Budget Reconciliation Act of 1985;
    The Occupational Safety and Health Act;
    The National Labor Relations Act;
    The Fair Labor Standards Act;
    The Civil Rights Acts;
    Americans With Disabilities Act;
    The New Jersey Family Leave Act;
    The Federal Family Leave Act;
    New Jersey Law Against Discrimination;
    New Jersey Conscientious Employee Protection Act;
    New Jersey wage-hour and wage-payment laws;
    Any other federal, state or local civil or human rights law;
    Any local, state or federal law, regulation or ordinance; and/or
    Public policy, contract (whether express, oral or implied) or (negligent or

intentional) tort law.

7. Employee agrees and understands that nothing contained in this Agreement is an admission by Enzon of any wrongdoing, liability, breach of any duty or unlawful conduct whatsoever. Employee pledges that he/she has not filed any charge, complaint or action before any federal, state or local administrative agency or court against Enzon, nor does he/she have any knowledge or reason to believe that anyone else has filed such a charge or complaint on his/her behalf. If Employee should file such a charge or complaint, or if a charge or complaint is filed on his/her behalf or, if any such agency shall ever assume jurisdiction against Enzon on behalf of Employee he/she will forego any benefit or remedy which may be awarded to him/her as a result of such charges or complaint(s). Employee agrees not to assist or aid any other person in bringing, prosecuting, or maintaining any claim, charge, action or proceeding against Enzon unless required by law to do so, and then only to the extent required by law.

8. This Agreement and its attachments constitute the entire agreement between the parties. This Agreement may not be modified, altered or changed except upon signed written consent by both parties containing an express statement that the parties so intend to modify this Agreement.

9. Employee agrees and covenants to conduct himself/herself in a professional and truthful manner with respect to discussing Enzon with other parties and Enzon agrees to treat him/her in a like manner. Finally, Employee agrees and covenants to comply with this Agreement, as well as Enzon's "Employee Secrecy and Invention Assignment Agreement" which Employee signed, attached hereto, and Employee further agrees and covenants not to remove from Enzon's premises Enzon documents or property of any type or description without prior

4

written permission from Enzon. Further, Employee shall, prior to being entitled to receive any payments under Paragraph 3 hereof, write-up a disclosure to Enzon of all ideas, concepts and inventions Employee has made during his/her employment with Enzon, if not previously done so, and Employee shall, at Enzon's request and expense, sign all documents Enzon reasonably believes necessary to protect and perfect its ownership in same. Enzon shall determine the inventorship of, and Employee's contribution to, such inventions in accordance with the applicable patent laws and regulations. Enzon shall pay Employee a reasonable fee for his/her time spent in reviewing and signing such documents. Enzon agrees to include Employee's name as an author on the publications, if any, described on an attachment to this Agreement. Other than for any such specific publications described in such attachment, Employee shall be included as an author or co-author on any publication made by Enzon which Enzon deems, in its sole, reasonable judgement, that he/she contributed to the substance of such publication.

10. Employee shall keep all non-public information relating to Enzon (including but not limited to information regarding Enzon's programs, research, personnel, trade secrets, or proprietary information) confidential.

11. Employee understands that Enzon may need to contact Employee to obtain information regarding Enzon business matters. Employee agrees to respond promptly to reasonable requests for such information.

12. This Agreement is made in the State of New Jersey and is to be interpreted under the law of the State of New Jersey.

13. If any federal or state law conflicts with any provision(s) of this Agreement, the provision(s) so affected shall remain in effect only to the extent permitted by

5

law. The remaining portion of this Agreement shall continue in full force and effect. Nothing in this Agreement should be construed so as to interfere with Employee's rights under the Older Workers Benefit Protection Act.

14. Employee is being given twenty-two (22) days to consider this Agreement and to seek advice from any person, including legal counsel. For this Agreement to be effective, Employee must sign it in the presence of a witness and return this Agreement to Human Resources, at Enzon. Employee has eight (8) days after he/she gives the signed Agreement to Enzon to revoke the Agreement. This Agreement will not become effective and enforceable until after this eight (8) day period expires. If Employee chooses to revoke this Agreement, Enzon must actually receive his/her revocation before the expiration of this eight (8) day period.

15. Employee expressly agrees that should he/she materially breach any of the covenants and provisions contained herein, that Enzon, at its sole discretion, may demand and the Employee shall return all payments, made hereunder immediately, except for accrued vacation payments, forego all future benefits and payments under this Agreement, and relieve Enzon from any and all future obligations to Employee.

16. Employee and Enzon agree not to disclose, either directly or indirectly, any information whatsoever regarding the existence or substance of this Agreement to any person or entity, including, but not limited to, members of the media, present and former employees of Enzon, and other members of the public, except that: (a) Employee may disclose this Agreement to his/her accountant and to his/her counsel with whom Employee chose to consult or seek advice regarding his/her consideration of and decision to execute this Agreement; and

(b) Enzon may disclose this Agreement to its auditors, legal counsel and persons necessary to effectuate the execution and enforcement of the terms of this Agreement; and (c) Enzon may disclose publicly the existence and terms of this Agreement to the extent necessary to comply with applicable laws. Employee has had the advice of counsel concerning the terms, meaning and effect of this Agreement. Employee acknowledges and agrees he/she fully understands the terms and effect of the Agreement. Employee further agrees that his/her breach of the non-disclosure provisions of this paragraph shall be deemed a material breach of this Agreement.

17. Employee and Enzon have read and fully considered the foregoing Agreement consisting of seventeen (17) numbered paragraphs and seven (7) pages.

Having decided to sign this Agreement, to fulfill the promises in it, and to receive the benefit of these promises, Employee and Enzon now voluntarily and knowingly sign this Agreement.

_5-17-95_
Date

_[signature]_
EMPLOYEE

_[signature]_
Witness

_[signature]_
Witness

ENZON, INC.

_5/21/96_
Date

By: _[signature] Linda C. ___