# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ENZON PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 04-1285 (GMS) |
| | : | |
| v. | : | |
| | : | |
| PHOENIX PHARMACOLOGICS, INC. | : | |
| | : | |
| Defendant. | : | |

## AMENDED COMPLAINT

Plaintiff Enzon Pharmaceuticals, Inc. ("Enzon"), by way of Complaint against defendant Phoenix Pharmacologics, Inc. ("Phoenix"), alleges and says:

### NATURE OF THE ACTION

1.      This is a civil action pursuant to 35 U.S.C. § 256 to correct the inventorship of U.S. Patent 6,183,738 B1 ("the '738 patent," copy annexed hereto as Exhibit A), and to compel Phoenix to assign to Enzon all the rights in and to the '738 patent that it received by assignment from the inventor named on that face of that patent, Dr. Mike A. Clark ("Clark").

2.      Clark is a former Enzon employee who, after leaving Enzon's employ, filed the applications that eventually lead to issuance of the '738 patent based on inventions made and work done at Enzon during his employment by Enzon, either entirely or principally by Enzon scientists whose efforts were reported to Clark in his capacity as their direct or indirect supervisor.

3.      Accordingly, inventorship of the '738 patent should be corrected to reflect the fact

that Clark is not an inventor of the subject matter described and claimed therein, or in the alternative that Clark is at best a coinventor with one or more other current or former Enzon employees.

4.      Further, to the extent that Clark is properly an inventor on the '738 patent, whether solely or jointly with one or more other current or former Enzon employees, all of his rights in and to said patent were assigned to Enzon pursuant to his employment by Enzon.  Thus, Enzon is entitled to an assignment to it by Phoenix of all rights in and to the '738 patent that were assigned to it by Clark.

5.      In summary, Enzon is the rightful owner of all right, title, and interest in and to the '738 patent.

### JURISDICTION AND VENUE

6.      Jurisdiction exists under 28 U.S.C. § 1331 and 1338(a) because claims set forth herein arise under the patent laws of the United States, 35 U.S.C. § 1 et seq.  Jurisdiction also exists under 28 U.S.C. § 1367(a).

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

### THE PARTIES

8.      Enzon is a Delaware corporation with its principal place of business at 685 Route 202/206, Bridgewater, New Jersey.

9.      Phoenix is a Delaware corporation which, upon information and belief, has its principal place of business in Lexington, Kentucky.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     Clark was employed by Enzon as Associate Vice President, Research, from in or

about April 1994 to on or about April 26, 1996.

11.     In consideration of his employment by Enzon, Clark signed an "Employee's Secrecy, Invention Assignment, and Non-Competition Agreement" dated March 21, 1994 (copy annexed hereto as Exhibit B).  Among other terms of that agreement, Clark assigned to Enzon all his rights to inventions made or conceived during the course of his employment by Enzon.

12.     Following the termination of his employment by Enzon, Clark signed an Agreement and General Release on or about May 17, 1996 (copy annexed hereto as Exhibit C). Among other terms of that agreement, Clark agreed to comply with the secrecy and invention assignment agreement that he previously signed.

13.     On or about May 12, 1997, Phoenix caused a provisional patent application assigned to it by Clark to be filed in the United States Patent and Trademark Office.  This application was assigned Serial Number 60/046,200 ("the '200 application"), and names Clark as the sole inventor.

14.     On or about February 13, 1998, Phoenix caused a nonprovisional patent application assigned to it by Clark to be filed in the United States Patent and Trademark Office. This application was assigned Serial Number 09/023,809 ("the '809 application") and names Clark as the sole inventor.

15.     The '738 patent issued on February 6, 2001, from the '809 application and claims priority to the '200 application.  The '738 patent is assigned on its face to Phoenix based on assignment to Phoenix by Clark, and names Clark as the sole inventor.

16.     On information and belief, Phoenix was responsible for the preparation and prosecution of the '200 application and the '809 application.

17.    Neither Phoenix nor Clark informed Enzon of the filing of the '200 application or the '809 application.

## COUNT I
### (Correction of Inventorship Pursuant to 35 U.S.C. § 256)

18.    Enzon repeats the allegations of paragraphs 1-17 as if set forth at length herein.

19.    Clark is not an inventor of the '738 patent under the standards of inventorship of U.S. patent law, and instead the inventorship of the '738 patent is one or more other former or current Enzon employees.

20.    In the alternative, if Clark is an inventor of the '738 patent under the standards of inventorship of U.S. patent law, then one or more other former or current Enzon employees are coinventors together with Clark.

21.    The omission of the one or more other former or current Enzon employees who should be named as inventors of the '738 patent occurred without any deceptive intent on their part.

22.    The one or more other former or current Enzon employees who should be named as inventors of the '738 patent have assigned their interest to Enzon pursuant to the terms of their employment by Enzon.

## COUNT II
### (Compelling Assignment of '738 Patent to Enzon)

23.    Enzon repeats the allegations of paragraphs 1-22 as if set forth at length herein.

24.    If Clark is properly named as an inventor of the '738 patent, whether as a sole inventor or as a coinventor together with one or more other former or current Enzon employees,

he had already assigned his rights to the inventions described and claimed therein to Enzon because they were made during or as a direct result of his employment by Enzon. As a result, Clark had no interest to assign to Phoenix.

25.    While Phoenix is shown as the assignee on the face of the '738 patent and appears as the assignee of the '738 patent on the records of the United States Patent and Trademark Office, Phoenix is not and has never been the proper owner of the '738 patent, and should be found to be holding the '738 patent in trust for Enzon.

## COUNT III
### (Unjust Enrichment)

26.    Enzon repeats the allegations of paragraphs 1-25 as if set forth at length herein.

27.    Phoenix has unjustly enriched itself at Enzon's expense by, *inter alia*, by receiving the '738 patent, by applying for and obtaining patents within and outside of the United States related to same, and by engaging in clinical research and by making regulatory filings related to the subject matter described and claimed in '738 patent.

WHEREFORE plaintiff Enzon Pharmaceuticals, Inc., demands judgment against defendant Phoenix Pharmacologics, Inc., as follows:

a.    correcting the inventorship of the '738 patent by ordering the removal of Mike A. Clark as an inventor and the addition as inventors of one or more other current or former Enzon employees, or in the alternative, ordering the addition as coinventors together with Mike A. Clark one or more other current or former Enzon employees;

b.    compelling Phoenix to assign to Enzon all right, title, and interest in and to the '738 patent, and imposing a constructive trust on Phoenix for the period of time prior to said

assignment;

      c.      in the alternative, for a declaration that Enzon has shop rights to the '738 patent;

      d.      <u>for compensation for Phoenix's unjust enrichment;</u>

      e.      <u>imposing a constructive trust on Phoenix on the fruits of its unjust enrichment;</u>

<u>and</u>

      f.      for such other and further relief as may be appropriate.

July 1, 2005

                             **YOUNG CONAWAY STARGATT**
                               **& TAYLOR, LLP**

By: _____

          Josy W. Ingersoll (No.1088)
          John W. Shaw (No. 3362)
          Glenn C. Mandalas (No. 4432)
          The Brandywine Building, 17th Floor
          1000 West St.,
          P.O. Box 391
OF COUNSEL:          Wilmington, DE  19801-0391
    Richard L. DeLucia     (302) 571-6600
    Charles A. Weiss      jingersoll@ycst.com
    Michael A. Siem
    KENYON & KENYON    Attorneys for Plaintiff
    One Broadway        Enzon Pharmaceuticals, Inc.
    New York, NY  10004
    (212) 425-7200