IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PHOENIX PHARMACOLOGICS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-1285-GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PHOENIX PHARMACOLOGICS, INC.'S RESPONSES AND OBJECTIONS
TO FIRST NOTICE OF DEPOSITION OF ENZON PHARMACEUTICALS, INC.
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to Rule 32 of the Federal Rules of Civil Procedure, Defendant, Phoenix Pharmacologics, Inc. ("Phoenix"), hereby submits these responses and objections to the First Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Notice") of Plaintiff, Enzon Pharmaceuticals, Inc. ("Enzon"), as follows:

## GENERAL OBJECTIONS

1. Phoenix's General Objections set forth in its responses to Enzon's interrogatories and requests for documents and things are herein incorporated by reference in their entireties.

2. Phoenix objects to the notice to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Phoenix intends to and does claim privilege with respect to all such information.

597883v1

3. Phoenix objects to the Notice to the extent it seeks disclosure of information beyond the scope of the discovery obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

4. Phoenix objects to the Notice to the extent it seeks disclosure of confidential information containing trade secrets or other confidential information. Phoenix will produce such information subject to the protective order entered in this case.

5. Phoenix objects to the dates and time set for the deposition to the extent they conflict with the availability of the persons to testify about the categories identified herein.

6. Phoenix objects to Enzon's request that Phoenix produce a Rule 30(b)(6) witness to testify on matters that are not specifically known to Phoenix or material that is not within Phoenix's possession or control.

7. Phoenix objects to the Notice to the extent that it calls for information that is confidential or proprietary to a third party.

8. Phoenix also objects to the Notice to the extent that it seeks legal conclusions. The testimony provided by Phoenix shall be as to matters of fact only, and is not to be construed as stating or implying any conclusions of law.

9. Each of the above general objections is incorporated by reference as if fully set forth in Phoenix's objections and responses below. Any testimony offered by Phoenix in response to Enzon's Notice is specifically without waiver or these objections, and Phoenix reserves its right to object further at or after the deposition.

## OBJECTIONS TO SPECIFIC CATEGORIES

**TOPIC NO. 1:**

Conception and reduction to practice of the subject matter claimed in each claim of the '738 Patent as alleged by Phoenix, including, without limitation, Phoenix's allegations as to the following: the date on which it was conceived, who conceived of it, who corroborated that conception, the date on which it was reduced to practice, who reduced it to practice, how it was reduced to practice, and who corroborated the reduction to practice.

**Objection To Topic No. 1:**

Phoenix objects to Topic No. 1 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix also objects to the topic to the extent that it seeks a legal conclusion. The testimony provided by Phoenix shall be as to matters of fact only, and is not to be construed as stating or implying any conclusions of law. Phoenix will designate a witness on the subject matter set forth in Topic No. 1 subject to the above-described objections.

**TOPIC NO. 2:**

Any involvement by Mike A. Clark, while employed by and/or under a duty of assignment to Enzon, with any work related to arginine deiminase covalently bonded to polyethylene glycol, through a linking group or otherwise, including, without limitation, what he did, when he did it, the identity of those with whom he communicated, the date on which he communicated with them, and the substance of what was communicated.

**Objections To Topic No. 2:**

Phoenix objects to Topic No. 2 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix objects to the subject matter of Topic No. 2 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Phoenix further objects to this topic to the extent it calls for a legal conclusion with respect to the how and when Dr. Clark had a duty of assignment to Enzon.

Phoenix objects to Topic No. 2 to the extent it calls for a witness to testify on matters that are not specifically known to Phoenix or material that is not within Phoenix's possession or control.

Phoenix will designate a witness on the subject matter set forth in Topic No. 2 subject to the above-described objections.

**TOPIC NO. 3:**

Any communications between and/or among Mike Clark or Phoenix and Enzon or any employee thereof, after Mike Clark was no longer employed by Enzon related to arginine deiminase covalently bonded to polyethylene glycol, through a linking group or otherwise.

**Objections To Topic No. 3:**

Phoenix objects to Topic No. 3 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix objects to the subject matter of Topic No. 3 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Phoenix objects to Topic No. 3 to the extent it calls for a witness to testify on matters that are not specifically known to Phoenix or material that is not within Phoenix's possession or control.

Phoenix will designate a witness on the subject matter set forth in Topic No. 3 subject to the above-described objections.

**TOPIC NO. 4:**

Preparation of the application that led to the '738 patent including any prior drafts of the patent application, any research records and/or invention disclosure documents directed to the subject matter disclosed in the patent application, the identity of authors of the patent application, the identity of persons who contributed subject matter appearing in the patent application, the authors' reasons for preparing the patent application, Phoenix's reasons for preparing the patent application and/or instructing or permitting the authors to prepare the patent application, the authors' reasons for limiting the patent application to the subject matter appearing therein, and Phoenix's reasons for limiting the patent application to the subject matter appearing therein and/or instructing or permitting the authors to limit the patent application to the subject matter appearing therein.

**Objections To Topic No. 4:**

Phoenix objects to Topic No. 4 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix objects to Topic No. 4 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Phoenix also objects to the topic to the extent that it seeks a legal conclusion. The testimony provided by Phoenix shall be as to matters of fact only, and is not to be construed as stating or implying any conclusions of law.

Phoenix will designate a witness on the subject matter set forth in Topic No. 4 subject to the above-described objections.

**TOPIC NO. 5:**

Phoenix's decision to develop Modified Arginine Deiminase, when Phoenix decided to develop Modified Arginine Deiminase, the progress of Phoenix's development efforts since that time, and Phoenix's decisions since that time regarding efforts and resources to be devoted to the development of Modified Arginine Deiminase, including but not limited to Phoenix's decisions to file and/or not file patent applications directed to Modified Arginine Deiminase.

**Objections To Topic No. 5:**

Phoenix objects to Topic No. 5 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix objects to Topic No. 5 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Phoenix will designate a witness on the subject matter set forth in Topic No. 5 subject to the above-described objections.

**TOPIC NO. 6:**

The decision to file for patent protection for the subject matter of the '738 patent.

**Objections To Topic No. 6:**

Phoenix objects to Topic No. 6 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix also objects to the topic to the extent that it seeks a legal conclusion. The testimony provided by Phoenix shall be as to matters of fact only, and is not to be construed as stating or implying any conclusions of law.

Phoenix will designate a witness on the subject matter set forth in Topic No. 6 subject to the above-described objections.

**TOPIC NO. 7:**

Phoenix's decision to and efforts related to the commercialization of any products that are allegedly encompassed by the claims of the '738 patent.

**Objections To Topic No. 7:**

Phoenix objects to Topic No. 7 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix also objects to the topic to the extent that it seeks a legal conclusion. The testimony provided by Phoenix shall be as to matters of fact only, and is not to be construed as stating or implying any conclusions of law.

Phoenix objects to Topic No. 7 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Phoenix will designate a witness on the subject matter set forth in Topic No. 7 subject to the above-described objections.

**TOPIC NO. 8:**

All information relating to the documents listed below including, without limitation, how Phoenix came into possession of these documents, when Phoenix came into possession of these documents, who at Phoenix these documents were distributed to, and what information Phoenix used from these documents.
  a.   PH-03705;
  b.   PH-03706-730;
  c.   PH-03731-779;
  d.   PH-03780-795;
  e.   PH-03796-813;

    f.    PH-03814-836;
    g.    PH-03837-844;
    h.    PH-03845-850;
    i.    PH-03851-858;
    j.    PH-04859-860;
    k.    PH-03861-862;
    l.    PH-03863-870;
    m.    PH-03875-923; and,
    n.    Any other internal Enzon documents that were produced by Phoenix in this action

**Objections To Topic No. 8:**

Phoenix objects to Topic No. 8 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix objects to Topic No. 8 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Phoenix will designate a witness on the subject matter set forth in Topic No. 8 subject to the above-described objections.

**TOPIC NO. 9:**

Oral and written communications between and/or among Phoenix or any employee thereof and Dr. Lloyd Old related to arginine deiminase covalently bonded to polyethylene glycol, through a linking group or otherwise.

**Objection To Topic No. 9:**

Phoenix objects to Topic No. 9 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix objects to Topic No. 9 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Phoenix will designate a witness on the subject matter set forth in Topic No. 9 subject to the above-described objections.

**TOPIC NO. 10:**

All information Phoenix possesses relating to arginine deiminase covalently bonded to polyethylene glycol, including, without limitation, Phoenix's research and development relating to, but not limited to preclinical and clinical studies.

**Objection To Topic No. 10:**

Phoenix objects to Topic No. 10 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix objects to Topic No. 10 as to the time period requested on the ground that it is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.

Phoenix will designate a witness on the subject matter set forth in Topic No. 10 subject to the above-described objections.

**TOPIC NO. 11:**

Phoenix's search for documents in response to the discovery requests served by Enzon in this action, including, without limitation, the search and collection of documents in response to *Plaintiff's First Set of Requests for the Production of Documents and Things Directed to Phoenix* and including, without limitation, the location of such documents, the persons involved, the processes and/or guidelines used to identify responsive documents and Phoenix's document retention policy.

**Objections To Topic No. 11:**

Phoenix objects to Topic No. 11 to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

Phoenix objects to Topic No. 11 as overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Phoenix will designate a witness on the subject matter set forth in Topic No. 11 subject to the above-described objections.

August 15, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (Bar No. 922)
222 Delaware Avenue, 9th Floor
P.O. Box 2306
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardfirm.com

Attorneys for Defendant
Phoenix Pharmacologics, Inc.

OF COUNSEL:
Joseph Lucci
WOODCOCK WASHBURN, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 15, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Glenn C. Mandalas, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by email and hand to the above local counsel and by email and U.S. mail to the following non-registered participants:

Charles A. Weiss, Esquire
Michael A. Siem, Esquire
Kenyon & Kenyon
One Broadway
New York, NY  10004

/s/ Richard D. Kirk (rk0922)

573294v1