IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 04-1285-GMS |
| | ) |
| PHOENIX PHARMACOLOGICS, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT PHOENIX PHARMACOLOGICS, INC.'S
ANSWERING BRIEF IN OPPOSITION TO
ENZON PHAMACEUTICALS, INC.'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES**

THE BARYARD FIRM
Richard D. Kirk (Bar No. 922)
222 Delaware Avenue
Wilmington, DE 19899
(302) 888-6800
rkirk@bayardfirm.com
Attorneys for Defendant
Phoenix Pharmacologics, Inc.

OF COUNSEL:
Joseph Lucci
WOODCOCK WASHBURN LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

Table of Contents

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

II. SUMMARY OF THE ARGUMENT ................................................................................. 1

III. STATEMENT OF FACTS .................................................................................................. 2

IV. ARGUMENT ....................................................................................................................... 3

    A. Motions To Strike Affirmative Defenses Pursuant To Rule 12(f) Are Disfavored ................................................................................................................ 3

    B. Phoenix's Affirmative Defenses Should Not Be Struck Because They Are Properly Pled And Put Enzon On Notice Of The Basis Of Each Defense ............. 3

    C. Procedural Alternatives To A Rule 12(f) Motion Are Available To Enzon ........... 5

V. CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F.Supp.2d 430 (D.Del. 2003) ...................................................................................................3

*Daingerfield Island Protective Society v. Babbitt*, 40 F.3d 442 (D.C. Cir. 1994) ...............4

*Fr. Telecom S.A. v. Novell, Inc.*, 65 U.S.P.Q.2d (BNA) 1055 (D.Del. 2002) ......................3

*Greiff v. T.I.C. Enterprises, L.L.C.*, 2004 U.S.Dist. LEXIS 680 (D. Del. Jan. 9, 2004) ...................................................................................................................3

*McKesson Information Solutions, LLC v. Trizetto Group, Inc.*, 2005 U.S.Dist. LEXIS 6733 (D. Del. April 20, 2005) .................................................................3

*Proctor & Gamble Co. v. Nabisco Brands, Inc.*, 697 F.Supp. 1360 (D. Del. 1988) ...........3

*Relational Funding Corp. v. TCIM Services*, 2002 U.S.Dist. LEXIS 7298 (D.Del. April 18, 2002) ...............................................................................................3

*Shaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795 (3d Cir. 1967) ......................3

*Solvent Chemical Co. v. E. I. Dupont De Nemours & Co.*, 242 F.Supp.2d 196 (W.D.N.Y. 2002) ...........................................................................................5

*United States v. Martell*, 844 F.Supp. 454 (N.D. Ind. 1994) ..............................................5

*Van Schouwen v. Connaught Corp.*, 782 F.Supp. 1240 (N.D. Ill. 1991) ............................5

## FEDERAL STATUTES

F.R.C.P. 8 .....................................................................................................................1, 4

F.R.C.P. 12 ................................................................................................................1, 3, 5

## OTHER

Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §1216, p.214-235 (2004) ...........4

Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §1381, p.423-428 (2004) ...........5

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

Presently before the court is Enzon's motion to strike each of Phoenix's affirmative defenses pursuant to F.R.C.P. 12(f). (D.I. 43). For the reasons stated herein, Enzon's motion should be denied.

Enzon initiated this litigation on September 21, 2004 by filing a complaint against Phoenix alleging that Dr. Mike Clark is not an inventor of U.S. Patent No. 6,183,738 B1 ("the '738 patent"). (D.I. 1). Enzon's complaint demands correction of inventorship in Count I, and assignment of all patent rights under the 738 patent to Enzon in Count II. Phoenix responded by denying Enzon's allegations. (D.I. 5).

On July 1, 2005 the parties stipulated to the filing of amended pleadings. (D.I. 32). Enzon amended its complaint to add a third Count alleging that Phoenix was unjustly enriched at Enzon's expense. (D.I. 33). On July 18, 2005, Phoenix filed an Amended Answer denying Enzon's unjust enrichment allegation, and asserting Fed. R. Civ. P. 8(c) affirmative defenses. (D.I. 36). Phoenix asserted laches and estoppel defenses against Enzon's original Counts I & II, and laches, estoppel, waiver, statute of limitations, and failure to state a claim defenses against Enzon's new unjust enrichment count.

The parties currently are engaged in fact discovery, which is scheduled to close October 21, 2005.

II.  **SUMMARY OF THE ARGUMENT**

Phoenix has properly pled its affirmative defenses under the applicable Federal Rules and case law. Under the pleading standards set forth in Fed. R. Civ. P. 8, Phoenix is required to plead only those allegations that are sufficient to place Enzon on notice of Phoenix's claims and Phoenix has done so. The Federal Rules require simple "notice" pleading, and there is not a

599521v1                                  1

single procedural rule or case that requires Phoenix to plead all of the facts surrounding its defenses as Enzon suggests. Phoenix is not required to plead evidence.

Not only has Enzon failed to articulate any legally significant defect in Phoenix's pleadings, but motions to strike pursuant to Rule 12(f) are disfavored, and are only appropriate where it can be determined with reasonable certainty that a defendant cannot prevail on any set of facts that can be inferred from its defenses. Enzon's motion is nothing more than either an improper motion for judgment on the pleadings, or a premature summary judgment motion because the parties have yet to resolve disputed issues of fact and questions of law.

The Court should deny Enzon's motion so that the parties may continue to develop the factual record and resolve the merits of Phoenix's defenses during summary judgment proceedings. However, if the Court elects to grant Enzon's motion – which it should not – Phoenix requests leave to amend its pleadings.

### III. STATEMENT OF FACTS

Phoenix's affirmative defenses derive from Enzon's belated attempt to capture rights in Phoenix's 738 patent. Although Enzon's allegations of misappropriation derive from acts of which it was aware in 1996, it was not until 2004, after Phoenix had conducted considerable research and development and lengthy clinical trials, that Enzon attempted to secure rights under the 738 patent.

Phoenix's affirmative defenses expose the significance of Enzon's delay, and put Enzon on notice of Phoenix's intent to defend itself on the basis of that delay. Phoenix's defenses are, therefore, appropriate and should not be stricken.

IV. ARGUMENT

### A. Motions To Strike Affirmative Defenses Pursuant To Rule 12(f) Are Disfavored

Motions to strike affirmative defenses are disfavored. *McKesson Info. Solutions, LLC v. Trizetto Group, Inc.*, 2005 U.S. Dist. LEXIS 6733, *3 (D. Del. April 20, 2005); *Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc.*, 295 F. Supp. 2d 430, 438 (D.Del. 2003); *Fr. Telecom S.A. v. Novell, Inc.*, 65 U.S.P.Q.2D (BNA) 1055, 1056 (D.Del. 2002); *Proctor & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988). Courts prefer not to grant a motion to strike unless it appears to a certainty that the movant would succeed despite any statement of the facts which could be proved in support of the defense. *McKesson Info.* 2005 U.S. Dist. LEXIS 6733, at *3; *Greiff v. T.I.C. Enterprises, L.L.C.*, 2004 U.S. Dist. LEXIS 680, *5 (D. Del. Jan. 9, 2004). Any doubt as to the striking of matter in a pleading should be resolved in favor of leaving the pleading unstricken. *Callaway Golf*, 295 F. Supp. 2d at 438. When ruling on such a motion, the Court must construe all facts in favor of the non-movant and deny the motion if a defense is sufficient under the law. *Proctor & Gamble*, 697 F.Supp at 1362.

### B. Phoenix's Affirmative Defenses Should Not Be Struck Because They Are Properly Pled And Put Enzon On Notice Of The Basis Of Each Defense

Pursuant to Fed. R. Civ. P. 12(f), a Court may strike only pleadings that are redundant, immaterial, impertinent, scandalous, or legally insufficient.

Although Enzon asserts that Phoenix has not pled sufficient facts, it is recognized in this Circuit that notice pleading does not require a party "to state facts sufficient to constitute a [defense]," *Shaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). Moreover, there is no requirement "to state precisely each element of the [defense]." *Relational Funding Corp. v. TCIM Services*, 2002 U.S. Dist. LEXIS 7298, *8 (D.Del. April 18, 2002);

Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, §1216, p.214-235 (2004)(citing cases). The Federal Rules require only a short and plain statement of the defense. Fed. R. Civ. P. 8.

Phoenix has correctly pled a short plain statement asserting that each of Enzon's claims are barred by laches, equitable estoppel, and waiver, and that Enzon's unjust enrichment claim is subject to a statute of limitations and fails to state a claim upon which relief may be granted. These pleadings have put Enzon on notice that Phoenix intends to defend itself on the basis of Enzon's prolonged delay in bringing suit. Indeed, as indicated by Enzon's recitation of the requisite elements of each of Phoenix's affirmative defenses in its opening brief, Phoenix's pleadings have made Enzon well aware of the nature of Phoenix's defenses.

Enzon fails to identify any deficiency in Phoenix's pleading of its laches, equitable estoppel, and waiver defenses, but instead questions the legal merits of the defenses and the underlying supporting facts.[1] Such questions, however, are to be resolved in Phoenix's favor at this stage of the litigation. *Proctor & Gamble*, 697 F.Supp at 1362. For example, even if Enzon is correct, statute of limitations defenses, in particular, are sufficiently raised under F.R.C.P. 8, by "a bare assertion of the defense" without identification of the particular statute relied upon. *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 444-445 (D.C. Cir. 1994). Enzon similarly raises premature arguments as to whether Phoenix's claims invoke a statute of limitations of six years (D.I. 44; Brief at 7) as opposed to three.

Enzon also presents no facts in support of its allegation that Dr. Clark's invention was "work that he stole from Enzon" – nor could it. (D.I. 44; Brief at 3) This is yet another issue that should be resolved only after the parties have completed fact discovery.

---

[1] Even if Phoenix will not have the benefit of a presumption of laches, the presumption is not necessary to Phoenix's defense, but merely dictates who has the burden of proof. Further, this presumption is not relevant to Phoenix's equitable estoppel or waiver defenses.

599521v1                                        4

Thus, when construing all facts in favor of Phoenix, as the Court must, Enzon's affirmative defenses are properly pled under the liberal standards of the Federal Rules. *Proctor & Gamble*, 697 F.Supp at 1362.

### C.  Procedural Alternatives To A Rule 12(f) Motion Are Available To Enzon

To the extent that there is something about Phoenix's affirmative defenses that Enzon does not understand, an appropriate procedural vehicle would be a motion for a more definite statement under F.R.C.P. 12(e), or properly propounded discovery, not a motion under F.R.C.P. 12(f).

When considering a Rule 12(f) motion such as Enzon's, courts regularly find that "[i]f a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record – such as on a motion for summary judgment." *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991); *See also Solvent Chem. Co. v. E. I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002); *United States v. Martell*, 844 F. Supp. 454, 457 (N.D. Ind. 1994) (When the sufficiency of the defense depends upon disputed issues of fact or questions of law, a motion to strike an affirmative defense should not be granted); *Solvent Chem.*, 242 F.Supp.2d at 212 (The affirmative defense that the plaintiff seeks to strike "must not present disputed and substantial questions of law..."); Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, §1381, p.423-428 (2004)(citing cases). Indeed, were Enzon to have its way, Phoenix would be denied the opportunity to take discovery and the Court would simply decide the case based on Enzon's version of the facts. It is inappropriate for Enzon to request the Court to grant such relief at the this stage of the litigation.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Enzon's motion to strike Phoenix's affirmative defenses. If the Court is of the view that Phoenix's pleadings are legally insufficient and grants Enzon's motion, Phoenix requests leave to amend its pleadings.

August 29, 2005                                    THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardfirm.com
(302) 655-5000
Attorneys for Defendant
Phoenix Pharmacologics, Inc.

OF COUNSEL:
Joseph Lucci
WOODCOCK WASHBURN LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

599521v1                                    6