IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>PHOENIX PHARMACOLOGICS, INC.,<br><br>                Defendant. | Civil Action No.: 04-1285-GMS |

**NOTICE OF SUBPOENA**

TO:    Richard D. Kirk, Esquire        Joseph Lucci, Esquire
        The Bayard Firm                    Woodcock Washburn, LLP
        222 Delaware Avenue,          One Liberty Place, 46th Floor
        Suite 900                             Philadelphia, PA 19103
        Wilmington, DE 19801

      PLEASE TAKE NOTICE that counsel for Enzon Pharmaceuticals, Inc. have served the attached subpoenas directed to (1) Fulbright & Jaworski, L.L.P., (2) Ludwig Institute for Cancer Research at Memorial Sloan Kettering Cancer Center, and (3) Amgen, Inc.

                        YOUNG CONAWAY STARGATT & TAYLOR, LLP

                        /s/ Karen E. Keller
                        Josy W. Ingersoll (No. 1088)
                        John W. Shaw (No. 3362)
                        Karen E. Keller (No. 4489)
                        The Brandywine Building, 17th Floor
                        1000 West Street
                        Wilmington, DE 19801
                        (302) 571-6600

                        *Attorneys for Plaintiff Enzon Pharmaceuticals, Inc.*

OF COUNSEL:

Richard L. DeLucia
Charles A. Weiss
Michael A. Siem
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

Dated: September 6, 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ENZON PHARMACEUTICALS, INC., Plaintiff, v. PHOENIX PHARMACOLOGICS, INC., Defendant. | SUBPOENA IN A CIVIL CASE<br><br>Pending in the United States District Court, District of Delaware<br><br>CASE NUMBER: 04-1285 (GMS) |
|---|---|

TO:   Fulbright & Jaworski L.L.P.
      666 Fifth Avenue
      New York, N.Y. 10103-3198

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

|  | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

|  | DATE AND TIME |
|---|---|
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
        SEE SCHEDULE A (attached)

| PLACE:<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | DATE AND TIME<br>September 16, 2005<br>9:30am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Michael A. Siem    *Michael A. Siem*<br>Attorney for Plaintiff Enzon Pharmaceuticals, Inc. | DATE<br>August 31, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael A. Siem, One Broadway, New York, NY 10004, (212) 908-6206
(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of as subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d) (2) of this rule, a person commanded. To produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel produce shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the pace where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise me without undue hardship and assures that the person to who the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to subpoena is withheld on a claim that visit is privilege or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1.     All documents and things concerning the drafting, negotiation and/or execution of agreements between the Ludwig Institute for Cancer Research (the "Ludwig Institute") and Phoenix Pharmacologics, Inc. ("Phoenix") including, without limitation but by way of example, all draft and executed copies of the agreement between these parties dated January 15, 1998 concerning testing of arginine deiminase enzyme bonded to polyethylene glycol ("PEG-ADI") and all related communications.

2.     All documents and things concerning the drafting, negotiation and/or execution of agreements between (i) the Ludwig Institute and (ii) (a) Mike A. Clark, Ph.D. ("Mike Clark") Associate Vice President, Research, at Enzon Pharmaceuticals, Inc. from in or about April 1994 to in or about April 1996 and later President and CEO of Phoenix Pharmacologics, Inc. ("Phoenix"), on his own behalf or on behalf of the company for which he was employed at the time of the agreement, and/or (b) Phoenix including, without limitation but by way of example, all draft and executed copies of the agreement between Phoenix, by Mike Clark, and the Ludwig Institute dated January 15, 1998 concerning testing of PEG-ADI and all related communications.

3.     All documents and things concerning communications between Felfe & Lynch, predecessor law firm to Fulbright & Jaworski, and Mike Clark and/or Phoenix concerning agreements relating to testing of PEG-ADI.


Note: A Protective Order has been entered in this case pursuant to Fed. R. Civ. P. 26(c) so that confidential information can be produced. A copy of it is attached.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ENZON PHARMACEUTICALS, INC.,                Case No. 04-1285 (GMS)
                                            Pending in the USDC
                            Plaintiff,      District of Delaware
        -against-

PHOENIX PHARMACOLOGICS, INC.,               **AFFIDAVIT OF SERVICE**

                            Defendant.
------------------------------------------------------X
STATE OF NEW YORK    )
                     :
COUNTY OF NEW YORK   )

    JASON AGEE, being duly sworn, deposes and says that he is an employee of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen years and is not a party to the action.
    That on the 31st day of August, 2005, at approximately 4:23 p.m., deponent served a true copy of the **SUBPOENA IN A CIVIL CASE WITH SCHEDULE "A" and STIPULATED PROTECTIVE ORDER** upon Fulbright & Jaworski, L.L.P. at 666 Fifth Avenue, New York, New York by personally delivering and leaving the same with Sylvester Hinds, Managing Clerk, who stated that he is authorized to accept service.
    Sylvester Hinds is a black male, approximately 42 years of age, is approximately 5 feet, 9 inches tall, weighs approximately 170 pounds, is bald with beard and moustache and dark eyes and was wearing glasses.

Sworn to before me this
1st day of September, 2005

                                                   JASON AGEE #1196790

MICHAEL J. KEATING
NOTARY PUBLIC, STATE OF NEW YORK
Reg. No. 01-KE-4851859
Qualified in Queens County
Certificate Filed in New York County
Commission expires February 3, 2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC.,<br>Plaintiff,<br>v.<br>PHOENIX PHARMACOLOGICS, INC.,<br>Defendant. | SUBPOENA IN A CIVIL CASE<br><br>Pending in the United States District Court, District of Delaware<br><br>CASE NUMBER:<br>04-1285 (GMS) |

TO:    Ludwig Institute for Cancer Research
       Memorial Sloan-Kettering Cancer Center
       1275 York Avenue, BOX 32
       New York, N.Y. 10021-6007 USA

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
    **SEE SCHEDULE A (attached)**

| PLACE:<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | DATE AND TIME<br>September 16, 2005<br>9:30am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Michael A. Siem      *Michael A. Siem* (signature)<br>Attorney for Plaintiff Enzon Pharmaceuticals, Inc. | DATE<br><br>August 31, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael A. Siem, One Broadway, New York, NY 10004, (212) 908-6206

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of as subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded. To produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel produce shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the pace where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise me without undue hardship and assures that the person to who the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to subpoena is withheld on a claim that visit is privilege or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

    1.    All documents and things concerning the testing of arginine deiminase enzyme bonded to polyethylene glycol ("PEG-ADI") with or at the request of Enzon Pharmaceuticals, Inc. ("Enzon") including, without limitation, any data, memoranda, lab notebooks, notes, files, research disclosure forms, or invention disclosure forms, concerning research relating to testing of PEG-ADI.

    2.    All documents and things concerning the testing of PEG-ADI with or at the request of Mike A. Clark, Ph.D. ("Mike Clark") Associate Vice President, Research, at Enzon from in or about April 1994 to in or about April 1996 and later President and CEO of Phoenix Pharmacologics, Inc. ("Phoenix") and/or Phoenix including, without limitation, any data, memoranda, lab notebooks, notes, files, research disclosure forms, or invention disclosure forms, concerning research relating to testing of PEG-ADI.

    3.    All documents and things concerning the Enzon manuscript entitled "Inhibition of Tumor Cell Growth by Arginine Deiminase: Reversal of This Sensitivity by Over Expression of Argininosuccinate Synthetase".

    4.    All documents and things concerning communications between and/or among the Ludwig Institute for Cancer Research (the "Ludwig Institute") and Enzon concerning Mike Clark.

    5.    All documents and things concerning communications between and/or among the Ludwig Institute and Mike Clark and/or Phoenix concerning Enzon.

    6.    All documents and things concerning communications between and/or among the Ludwig Institute and Enzon concerning testing of PEG-ADI.

    7.    All documents and things concerning communications between and/or among the Ludwig Institute and Mike Clark and/or Phoenix concerning testing of PEG-ADI.

    8.    All documents and things concerning agreements between the Ludwig Institute and Enzon concerning testing of PEG-ADI including, without limitation but by way of example, the letter agreement between these parties dated October 10, 1991, as amended on July 29, 1992, concerning testing of PEG-ADI and all related communications.

    9.    All documents and things concerning agreements between the Ludwig Institute and Mike Clark and/or Phoenix concerning testing of PEG-ADI including, without limitation but by way of example, all draft and executed copies of the agreement between Phoenix, by Mike Clark, and the Ludwig Institute dated January 15, 1998 concerning testing of PEG-ADI and all related communications.

    10.    Documents sufficient to identify the last known address of Dr. Elizabeth C. Richards.

Note: A Protective Order has been entered in this case pursuant to Fed. R. Civ. P. 26(c) so that confidential information can be produced. A copy of it is attached.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ENZON PHARMACEUTICALS, INC.,                Case No. 04-1285 (GMS)
                                            Pending in the USDC
                Plaintiff,       District of Delaware

   -against-

PHOENIX PHARMACOLOGICS, INC.,               **AFFIDAVIT OF SERVICE**

                Defendant.
-------------------------------------------------------X
STATE OF NEW YORK   )
                                :
COUNTY OF NEW YORK  )

    JASON AGEE, being duly sworn, deposes and says that he is an employee of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen years and is not a party to the action.
    That on the 31st day of August, 2005, at approximately 3:45 p.m., deponent served a true copy of the **SUBPOENA IN A CIVIL CASE WITH SCHEDULE "A" and STIPULATED PROTECTIVE ORDER** upon the Ludwig Institute for Cancer Research at Memorial Sloan Kettering Cancer Center at 1275 York Avenue, New York, New York by personally delivering and leaving the same with Marilyn Chibowski, Administrative Assistant, Hospital Administration, who stated that she is authorized to accept service.
    Marilyn Chibowski is a white female, approximately 60 years of age, is approximately 5 feet, 7-8 inches tall, weighs approximately 200 pounds, with medium length, curly blonde hair and blue eyes and was wearing glasses.

Sworn to before me this
1st day of September, 2005

                                                       JASON AGEE #1196790

MICHAEL J. KEATING
NOTARY PUBLIC, STATE OF NEW YORK
Reg. No. 01-KE-4851559
Qualified in Queens County
Certificate Filed in New York County
Commission expires February 3, 2006

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC.<br>　　　　　　　　　　Plaintiff,<br>v.<br>PHOENIX PHARMACOLOGICS, INC.,<br>　　　　　　　　　　Defendant. | SUBPOENA IN A CIVIL CASE<br><br>Pending in the United States District Court,<br>District of Delaware<br><br>CASE NUMBER:<br>04-1285 (GMS) |

TO:　　　Amgen Inc.
　　　　　One Amgen Center Drive
　　　　　Thousand Oaks, CA 91320-1799

☐　　YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| | COURTROOM |
|---|---|
| | DATE AND TIME |

☐　　YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| | DATE AND TIME |
|---|---|
| | |

☒　　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
　　　　　**SEE SCHEDULE A (attached)**

| PLACE:<br>Amgen Inc.<br>One Amgen Center Drive<br>Thousand Oaks, CA 91320-1799 | DATE AND TIME<br>September 6, 2005<br>9:30am |
|---|---|

☐　　YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Charles A. Weiss　　　　　　　　　　*Charles Weiss*<br>Attorney for Plaintiff Enzon Pharmaceuticals, Inc. | DATE<br><br>August 25, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Charles A. Weiss, One Broadway, New York, NY 10004, (212) 908-6287

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of as subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded. To produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel produce shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the pace where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise me without undue hardship and assures that the person to who the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to subpoena is withheld on a claim that visit is privilege or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1. All documents and things concerning any communications between Amgen and Phoenix Pharmacologics, Inc. ("Phoenix") concerning arginine deiminase enzyme bonded to polyethylene glycol ("PEG-ADI"); for reference purposes, but not by way of restriction, the time period within which these documents would have been generated is from about June 2003 to about January 2004.

2. All documents and things concerning any negotiations between Amgen and Phoenix concerning PEG-ADI; for reference purposes, but not by way of restriction, the time period within which these documents would have been generated is from about June 2003 to about January 2004.

3. All documents and things concerning any presentations by Phoenix concerning PEG-ADI; for reference purposes, but not by way of restriction, the time period within which these documents would have been generated is from about June 2003 to about January 2004.


Note: A Protective Order has been entered in this case pursuant to Fed. R. Civ. P. 26(c) so that confidential information can be produced. A copy of it is attached.

AUG-27-2005 16:14 From:Keating & Walker

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
------------------------------X
ENZONE PHARMACEUTICALS, INC.,           Case No. 04-1285 (GMS)
                    Plaintiff,          (Pending in the USDC-District of Delaware)
        -against-                       AFFIDAVIT OF SERVICE

PHOENIX PHARMACOLOGICS, INC.,
                    Defendant.
------------------------------X
STATE OF CALIFORNIA   )
                       s.s.:
COUNTY OF LOS ANGELES )

   JEFF MAYER, being duly sworn deposes and says that he is over the age of eighteen, is an agent of KEATING & WALKER ATTORNEY SERVICE, and is not a party to this action.

   That on the 25th day of August, 2005, at approximately 4:25 p.m., deponent served a true copy of a Subpoena in a Civil Case with Schedule A and Stipulation For the Protection of Confidential Information with Exhibit A upon Amgen Inc. at One Amgen Center Drive, Thousand Oaks, California by personally delivering and leaving the same with Jennifer Jones who informed deponent that she holds the position of Litigation Administrative Coordinator, and is authorized to accept service at that address.

   Jennifer Jones is a Caucasian female approximately 35 years of age, stands approximately 5 feet, 6 inches tall, weighs approximately 215 pounds with brown hair and brown eyes.

_____
JEFF MAYER

Sworn to before me this
____ day of August, 2005.

_____
NOTARY PUBLIC



**CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire hereby certify that on September 6, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Richard D. Kirk, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

I further certify that on September 6, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDEX**

Joseph Lucci, Esquire
Woodcock Washburn Kurtz Mackiewicz, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Enzon Pharmaceuticals, Inc.

DB01:1592760.1