IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC.,<br><br>              Plaintiff,<br><br>    v.<br><br>PHOENIX PHARMACOLOGICS, INC.,<br><br>              Defendant. | Civil Action No. 04-1285-GMS |

**PLAINTIFF ENZON PHARMACEUTICALS'
REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES**

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
Josy W. Ingersoll (No.1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

– and –

KENYON & KENYON
Richard L. DeLucia
Charles A. Weiss
Michael A. Siem
One Broadway
New York, NY 10004
(212) 425-7200

*Attorneys for Enzon Pharmaceuticals, Inc., Plaintiff*

Dated: September 9, 2005

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... iii

I.  Phoenix's Affirmative Defenses Should be Stricken Because They Are Legally Insufficient and Inadequately Pled, and its Supposed Need for Discovery Should be Rejected Because the Facts Needed to Plead The Defenses of Laches and Estoppel Would be Far Better Known to Phoenix than to Enzon ............................................................................................................. 1

II. Phoenix's Affirmative Defenses Are Insufficiently Pled Because They Do Not Provide Any Factual Support............................................................................ 2

III. Rule 12 (f) is Entirely Appropriate to Strike Phoenix's Unsupportable Affirmative Defenses ............................................................................................. 3

CONCLUSION................................................................................................................. 5

# TABLE OF AUTHORITIES

Page

**Cases**

*Bobbit v. House,*
    532 F. Supp. 734 (N.D. Ill. 1982) .................................................................................. 1, 2

*DirecTV, Inc. v. Weikel,*
    Civ. No. 03-5300, 2005 U.S. Dist. LEXIS 9902 (D.N.J. May 25, 2005) ....................... 1, 2

*Heisch v. Katy Bishop Prods., Inc.,*
    45 USPQ2d 1219 (N.D. Ill. 1997) ......................................................................................... 3

*Stafford v. Connecticut,*
    Civ. No. 95 C 7152, 1996 U.S. Dist. LEXIS 5307 (N.D. Ill. Apr. 19, 1996) ............. 1, 2, 3

*Surface Shields, Inc. v. Poly-Tak Prot. Sys., Inc.,*
    213 F.R.D. 307 (N.D. Ill. 2003) ............................................................................................ 3

**Other Authorities**

Fed. R. Civ. P. 12(e) ....................................................................................................................... 3

DB01:1846005.1                                                                                                                          063541.1001

I. **Phoenix's Affirmative Defenses Should be Stricken Because They Are Legally Insufficient and Inadequately Pled, and its Supposed Need for Discovery Should be Rejected Because the Facts Needed to Plead The Defenses of Laches and Estoppel Would be Far Better Known to Phoenix than to Enzon**

The general proposition that motions to strike are disfavored is at the center of Phoenix's opposition but provides it no succor on the facts of this case. Many types of motions are considered with restraint—such as motions to dismiss, for preliminary injunctions, summary judgment, or JMOL—but that does not provide grounds to deny the motion when it is procedurally proper and substantively correct. Here, Phoenix's excessive reliance on the "disfavored" standard clearly indicates the lack of substance to its opposition. As set forth in Enzon's opening brief, a motion to strike is the correct vehicle for a plaintiff to challenge the adequacy of affirmative defenses, and such motions are properly granted when—as here—the affirmative defenses consist entirely of one-line, conclusory statements that are devoid of facts and fail to comply with the pleading requirements of the Federal Rules. *See e.g., Bobbit v. House*, 532 F. Supp. 734, 738-39 (N.D. Ill. 1982) (striking affirmative defenses of, *inter alia*, estoppel and laches due to conclusory nature in which they were pled); *DirecTV, Inc. v. Weikel*, Civ. No. 03-5300, 2005 U.S. Dist. LEXIS 9902, at *7-11 (D.N.J. May 25, 2005) (striking affirmative defenses of, *inter alia,* waiver, estoppel and laches where defendant's answer failed to allege the requisite elements of these defenses); *Stafford v. Connecticut*, Civ. No. 95 C 7152, 1996 U.S. Dist. LEXIS 5307, at *4-5 (N.D. Ill. Apr. 19, 1996) (striking affirmative defenses of, *inter alia*, failure to state a claim, estoppel, and statute of limitations due to conclusory nature in which they were pled).

Phoenix's plea for discovery is unavailing. First, Phoenix does not identify what discovery it needs or explain why the extensive discovery it has already obtained from Enzon has

not been enough for Phoenix to meet even the basic pleading threshhold of Rule 8.[1] But more fundamentally, Phoenix cannot explain why it would need any discovery from Enzon <u>at all</u> to plead the core <u>facts</u> required for its affirmative defenses. If there were communications between Enzon and Phoenix, then Phoenix already has them. If Phoenix acted in reliance on anything said or done by Enzon, then Phoenix knows what that was. If Phoenix has suffered legally cognizable prejudice from any of this, those facts are known to Phoenix, not Enzon. Speculation by Phoenix that something <u>might</u> turn up in discovery that <u>might</u> support an affirmative defense is insufficient to resist the present motion, and tantamount to an admission that Phoenix lacked a good-faith basis under Rule 11 to plead these defenses in the first place.

## II. Phoenix's Affirmative Defenses Are Insufficiently Pled Because They Do Not Provide Any Factual Support

Phoenix's argument that notice pleading does not require the specification of <u>all</u> facts misses the point because Phoenix has pled <u>no facts</u> and given <u>no notice</u>, but simply stated bare legal conclusions of the exact type that are insufficient under even the most liberal reading of the standards of pleading under the Rules of Civil Procedure.

When a party has pled affirmative defenses in such a summary manner as Phoenix has, the striking of the affirmative defenses is entirely appropriate. *House*, 532 F. Supp. at 738-39 (striking affirmative defenses of estoppel and laches because they were insufficiently pled); *DirecTV, Inc.*, 2005 U.S. Dist. LEXIS 9902, at *7-11 (striking affirmative defenses of waiver, estoppel and laches because they were insufficiently pled); *Stafford*, 1996 U.S. Dist. LEXIS

---

[1] Phoenix has had over six months of discovery, received thousands of documents produced by Enzon, received responses to all of its written discovery, and a fact and 30(b)(6) deposition.

5307, at *4-5 (striking affirmative defenses of failure to state a claim, estoppel, and statute of limitations because they were insufficiently pled).

Finally, and with regard exclusively to its statute of limitations defense, Phoenix argues that a "bare assertion" is sufficient to satisfy the pleading requirements of Rule 8. Phoenix's Brief at 4. This argument also fails based upon the total lack of information in Phoenix's pleading, which is devoid of a single fact. *See, e.g., Surface Shields, Inc. v. Poly-Tak Prot. Sys., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003) (striking affirmative defense of, *inter alia*, statute of limitations because it was pled as a "bare bones conclusory [allegation]"); *Stafford*, 1996 U.S. Dist. LEXIS 5307, at *4-5 (striking affirmative defense of, *inter alia*, statute of limitations due to conclusory nature in which it was pled). Indeed, statue of limitations defenses pled with greater specificity than Phoenix has provided here have been stricken based on the insufficiency of the pleading. *See Heisch v. Katy Bishop Prods., Inc.*, 45 USPQ2d 1219, 1221 (N.D. Ill. 1997) (striking affirmative defense of, *inter alia*, statute of limitations because it was pled as a "bare bones conclusory allegation" and because defendant did not specify when the limitations period began to run or when it expired even though defendant did specify the length of the applicable limitations period and that it had in fact expired).

### III. Rule 12(f) is Entirely Appropriate to Strike Phoenix's Unsupportable Affirmative Defenses.

Phoenix also asserts that a motion pursuant to Fed. R. Civ. P. 12(e) would be more appropriate here than Enzon's Rule 12(f) motion. Phoenix, however, offers absolutely no basis for this assertion. In light of the legal insufficiency of Phoenix's affirmative defenses under any facts in this case, a Rule 12(e) motion would only serve to postpone unnecessarily resolution of these issues and, thus, would be a waste of this Court's and the parties time and resources.

Phoenix also attempts to improperly shift the onus of proper pleading onto Enzon. Phoenix asserts that Enzon should craft discovery requests aimed at determining the nature of Phoenix's affirmative defenses with any meaningful degree of specificity. Under the Federal Rules, it is Phoenix's burden to be in possession of sufficient facts to plead its affirmative defenses, not Enzon's to seek out the basis for Phoenix's defenses. However, under the Federal Rules what is pled by the parties controls the proper scope of discovery. Therefore, it is vital that only well-founded, properly pled claims and defenses are permitted. Phoenix's affirmative defenses are neither of these and should be stricken.

Finally, Phoenix suggests that this Court wait and take this issue up in the context of a summary judgment motion. Phoenix notes that this would give them an opportunity to hunt further in the hope that it cannot support its purely speculative affirmative defenses. This discovery is sought, despite the fact that any potential factual support would come from Phoenix and Phoenix has already had extensive discovery from Enzon. At this juncture Phoenix should have sufficient facts to plead these affirmative defenses or it should withdraw them, yet to date Phoenix cannot provide one single fact to support its affirmative defenses. Forcing the Court to deal with these issues under summary judgment is a waste of judicial and the parties' resources. Based on Phoenix's failure to provide any facts to support its one-line affirmative defenses and, thus failing to properly plead its affirmative defenses with specificity as required under the Federal Rules, the Court should strike Phoenix's Affirmative Defenses pursuant to Rule 12(f).

## CONCLUSION

For the foregoing reasons in conjunction with the reasons set forth in Enzon's Opening Brief, Enzon respectfully requests that the Court grant its motion to strike Phoenix's Affirmative Defenses.

Dated: September 9, 2005

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

By: /s/ Karen E. Keller
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West St.,
P.O. Box 391
Wilmington, DE 19801-0391
(302) 571-6600

- and -

KENYON & KENYON
Richard L. DeLucia
Charles A. Weiss
Michael A. Siem
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

*Attorneys for
Enzon Pharmaceuticals, Inc., Plaintiff*

5

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on September 9, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard D. Kirk, Esquire
>THE BAYARD FIRM
>222 Delaware Avenue, Suite 900
>Wilmington, DE 19801

I further certify that on September 9, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY FEDERAL EXPRESS

>Joseph Lucci, Esquire
>WOODCOCK WASHBURN, LLP
>One Liberty Place, 46th Floor
>Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

*Attorneys for Plaintiff Enzon Pharmaceuticals, Inc.*