Unreported Case 2

LEXSEE 1996 U.S. DIST. LEXIS 5307

**RICHARD W. STAFFORD, Plaintiff, v. CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant.**

95 C 7152

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1996 U.S. Dist. LEXIS 5307

April 19, 1996, Dated
April 22, 1996, DOCKETED

**DISPOSITION:** [*1] Plaintiff Stafford's Motion to Strike Affirmative Defenses is granted, with leave for Defendant Connecticut General Life Insurance Company to amend its affirmative defenses.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee filed a complaint seeking commissions allegedly due and reimbursement of expenses spent in connection with his former employment. Defendant former employer filed an answer and affirmative defenses. The former employee made a motion to strike the affirmative defenses pursuant to Fed. R. Civ. P. 12(f).

**OVERVIEW:** The former employee asserted claims including breach of contract, unjust enrichment, fraud in the inducement, and fraud. In conclusory fashion, the former employer asserted the affirmative defenses of failure to state a claim, estoppel, failure of consideration, statute of limitations, and lack of mutual assent. The former employee made a motion to strike the affirmative defenses. The court granted the motion. The court said that ordinarily, affirmative defenses would be stricken only when they were insufficient on the face of the pleadings, but affirmative defenses had to set forth a "short and plain statement" of the defense. If an affirmative defense was insufficient on its face or comprised no more than bare bones conclusory allegations, it had to be stricken. The court concluded that the former employer's motions were merely conclusory allegations that the former employer had not supported by any facts whatsoever. As such, the former employer's affirmative defenses are deficient on their face.

**OUTCOME:** The court granted the former employee's motion to strike affirmative defenses, with leave for the former employer to amend its affirmative defenses to conform to the rules of civil procedure.

**LexisNexis(R) Headnotes**

**COUNSEL:** For RICHARD W STAFFORD, plaintiff: Gregory A. Friedman, [COR LD NTC A], Paula K. Maguire, [COR], Friedman & Holtz, P.C., Chicago, IL.

For CONNECTICUT GENERAL LIFE INSURANCE COMPANY, defendant: James B. Herman, [COR NTC], Attorney, Philadelphia, PA.

**JUDGES:** Charles P. Kocoras, United States District Judge

**OPINIONBY:** Charles P. Kocoras

**OPINION:**

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Plaintiff's Motion to Strike the Defendant's Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f). For the reasons stated below, this Motion is granted.

### DISCUSSION

On December 13, 1995, Plaintiff Richard W. Stafford ("Stafford") filed a complaint seeking reimbursement of expenses spent in connection with his employment, as well as seeking commissions allegedly due in connection with his former employment. Stafford also sought exemplary damages and asserted claims entitled: (I) Breach of Contract; (11) Unjust Enrichment; and (III) Fraud in the [*2] Inducement. On January 17, 1996,

Stafford filed an Amended Complaint, substituting Defendant, Connecticut General Life Insurance Company ("CGLIC"), Plaintiff's former employer, and added a count entitled (IV) Fraud. CGLIC filed its Answer to the First Amended Complaint and Affirmative Defenses on February 5, 1996. CGLIC's affirmative defenses were stated as follows:

> First Affirmative Defense
> Plaintiff's Complaint fails to allege facts sufficient to state a claim on which relief may be granted.
> Second Affirmative Defense
> Plaintiff's claims are barred by the doctrine of estoppel.
> Third Affirmative Defense
> Plaintiff's claims are barred because of failure of consideration.
> Fourth Affirmative Defense
> The Complaint fails to state facts sufficient to constitute a cause of action or claims for punitive or exemplary damages.
> Fifth Affirmative Defense
> Plaintiff's claims are barred by the applicable statute of limitations.
> Sixth Affirmative Defense
> The contract alleged in Plaintiff's Complaint fail [sic] for lack of mutual assent.
> Seventh Affirmative Defense
> Plaintiff, by his acts and omissions, have [sic] waived any purported claims for relief [*3] contained in the Complaint.

On March 19, 1996, Stafford filed a Motion to Strike these Affirmative Defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Stafford asserted that CGLIC's seven affirmative defenses merely set forth bare legal conclusions without any factual support. We agree.

Motions to strike affirmative defenses are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Although motions to strike are generally not favored because of their potential dilatory nature, they are useful and appropriate for weighing the legal implications to be drawn from uncontroverted facts. United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975).

Defendant claims that we should not consider this Motion to Strike [*4] because it was filed beyond twenty days after service of the pleadings as is required by Rule 12(f). However, the Seventh Circuit has interpreted Rule 12(f) of the Federal Rules of Civil Procedure as permitting district courts to consider a motion to strike at any point in a case. Williams v. Jader Fuel Co. Inc., 944 F.2d 1388, 1399 (7th Cir. 1991), cert. denied, 504 U.S. 957, 119 L. Ed. 2d 228, 112 S. Ct. 2306 (1992). We do not believe that either party will be prejudiced by the consideration of this Motion. Accordingly, we will not deny the Plaintiff's Motion because of untimeliness.

Ordinarily, affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. 416.81 Acres of Land, 514 F.2d at 631; Heller Financial Inc. v. Midwhey Powder Co Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are pleadings and are therefore subject to all pleading requirements of the Federal Rules of Civil Procedure. Heller, 883 F.2d at 1294; Flasza v. TNT Holland Motor Express Inc., 155 F.R.D. 612, 613 (N.D.Ill. 1994). Thus, affirmative defenses must set forth a "short and plain statement" of the defense, and if an affirmative [*5] defense is insufficient on its face or compromises no more than "bare bones conclusory allegations", it must be stricken. Heller, 883 F.2d at 1294-95; Flasza, 155 F.R.D. at 613-14. In the present case, the affirmative defenses are insufficient to withstand this Motion. These affirmative defenses are merely conclusory allegations that the Defendant has not supported by any facts whatsoever. As such, CGLIC's affirmative defenses are deficient on their face. We therefore grant Stafford's motion to strike, and also grant Defendant leave to amend these pleadings to conform with the Federal Rules of Civil Procedure, Rule 8(a).

**CONCLUSION**

For all of the above reasons, Plaintiff Stafford's Motion to Strike Affirmative Defenses is granted, with leave for Defendant Connecticut General Life Insurance Company to amend its affirmative defenses.

Charles P. Kocoras

United States District Judge

Dated: April 19, 1996