## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ENZON PHARMACEUTICALS, INC.,

Plaintiff,

v.

PHOENIX PHARMACOLOGICS, INC.,

Defendant.

Civil Action No.  04-1285 (GMS)

### NOTICE OF DEPOSITION OF DEFENDANT
### PHOENIX PHARMACOLOGICS, INC. PURSUANT TO
### FED. R. CIV. P. RULE 30(b)(6) (Nos. 13-29)

TO:   Joseph Lucci, Esq.                Richard D. Kirk, Esq.
      Woodcock Washburn, LLP            The Bayard Firm
      One Liberty Place, 46th Floor     222 Delaware Avenue, Suite 900
      Philadelphia, PA   19103          Wilmington, DE   19801

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 30(b)(6), Plaintiff Enzon

Pharmaceuticals, Inc. ("Enzon") will take the deposition upon oral examination of Defendant

Phoenix Pharmacologics, Inc. ("Phoenix"), commencing on September 29, 2005, at 9:30 a.m.,

and continuing from day to day until completed, at the offices of Kenyon & Kenyon, One

Broadway, New York, New York, 10004, or such other time and location as agreed upon by

counsel.  The deposition will be taken before a Notary Public or other officer duly authorized to

administer oaths, and will be recorded by stenographic and/or videotape means.

Your are invited to attend and cross-examine.

The definitions and instructions set forth in Enzon's interrogatories and document

requests shall apply to this notice of deposition.

Phoenix shall designate one or more knowledgeable persons to testify on its behalf as to the following category:

13.    The factual basis for Phoenix's contention that Count I of Enzon's Complaint is barred under the doctrines of laches and/or equitable estoppel (Answer to Amended Complaint First Defense).

14.    The factual basis for Phoenix's contention that Count II of Enzon's Complaint is barred under the doctrines of laches and/or equitable estoppel (Answer to Amended Complaint Second Defense).

15.    The factual basis for Phoenix's contention that Count III of Enzon's Complaint is barred under the doctrines of waiver, laches and/or equitable estoppel (Answer to Amended Complaint Third Defense).

16.    The factual basis for contention that Count III of Enzon's Complaint is barred by application of a statute of limitations (Answer to Amended Complaint Fourth Defense).

17.    The factual basis for Phoenix's contention that Count III of Enzon's Complaint fails to state a claim upon which relief can be granted (Answer to Amended Complaint Fifth Defense).

18.    Phoenix's attempts to license and/or licensing of PEG-ADI.

19.    Phoenix's policy, plan, or strategy for marketing and/or commercializing PEG-ADI, including but not limited to launch plans, marketing plans, news releases, press releases, journal publications, competitive comparisons, product positioning, demonstrations, forecasts, budgets, market surveys, and market projections.

20.    All agreements to research, develop, distribute, license, sell, or otherwise convey rights in PEG-ADI to which Phoenix is a party.

21.    All attempts by Phoenix's to enter into agreements to research, develop, distribute, license, sell, or otherwise conveys rights in PEG-ADI.

22.    Any communications between Phoenix's and any investors, venture capitalists, licensees, or potential partners related to PEG-ADI from 1996 to the present.

23.    Phoenix's competitors or anticipated competitors with respect to PEG-ADI.

24.    Phoenix's projected sales volume (both in dollars and units) for PEG-ADI.

25.    Phoenix's pricing policies, plans, or strategies for PEG-ADI.

26.    Phoenix's anticipated or projected customer base for PEG-ADI.

27.    Any actual or planned public or private security offering and/or issuance by Phoenix related to PEG-ADI.

28.    Phoenix's actual and projected costs and expenditures relating to the development, manufacture, sale, and marketing of PEG-ADI, including but not limited to capital expenditures and operating expenses, and how Phoenix allocates costs.

29.    Phoenix's actual or projected profits or losses derived from the development, manufacture, distribution, sale, use, or manufacture of PEG-ADI.

September 14, 2005

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: _____

Josy W. Ingersoll (No.1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West St.,
P.O. Box 391
Wilmington, DE  19801-0391
(302) 571-6600

Attorneys for
Enzon Pharmaceuticals, Inc., Plaintiff

OF COUNSEL:
Richard L. DeLucia
Charles A. Weiss
Michael A. Siem
KENYON & KENYON
One Broadway
New York, NY  10004
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on September 14, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard D. Kirk, Esquire
> THE BAYARD FIRM
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19801

I further certify that on September 14, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY FEDERAL EXPRESS

> Joseph Lucci, Esquire
> WOODCOCK WASHBURN, LLP
> One Liberty Place, 46th Floor
> Philadelphia, PA 19103

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> _signature_
>
> Josy W .Ingersoll (No. 1088)
> John W. Shaw  (No. 3362)
> Karen E. Keller (No. 4489)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> kkeller@ycst.com
>
> _Attorneys for Plaintiff Enzon Pharmaceuticals, Inc._