IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENZON PHARMACEUTICALS, INC.,

Plaintiff,

v.

PHOENIX PHARMACOLOGICS, INC.,

Defendant.

Civil Action No.:  04-1285-GMS

## ENZON'S OBJECTIONS AND RESPONSES TO DEFENDANT PHOENIX PHARMACOLOGICS, INC.'S SECOND NOTICE OF RULE 30(b)(6) DEPOSITION

Plaintiff Enzon Pharmaceuticals, Inc. ("Enzon"), hereby objects to the Notice of Deposition served by Defendant Phoenix Pharmacologics, Inc.'s ("Phoenix"), pursuant to Fed. R. Civ. P. 30(b)(6), on or about September 13, 2005.  Enzon objects to the Notice of Rule 30(b)(6) Deposition on the following grounds:

## GENERAL OBJECTIONS

The following general objections are incorporated into and made a part of the response to each request.

1.     Enzon's General Objections set forth in Enzon's Objections And Responses To Defendant Phoenix Pharmacologics, Inc.'s First Set Of Requests For Production of Documents And Things To Enzon, Inc., Enzon's Objections And Responses to Defendant Phoenix Pharmacologics, Inc.'s Notice Of Rule 30(b)(6) Deposition with a Return Date of June 29, 2005 are herein incorporated by reference.

- 1 -

Any testimony offered by Enzon in response to Phoenix's deposition notice is specifically without waiver of these objections, and Enzon reserves its right to object further at or after the deposition.

## OBJECTIONS TO SPECIFIC CATEGORIES

### Category No. 1

The factual basis for Enzon's unjust enrichment claim (Amended Complaint, Count III).

### Objection to Topic No. 1

Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories. Enzon further objects to this area of testimony as being premature, to the extent that it seeks expert testimony. Enzon also objects to this area of testimony as seeking testimony in the custody and control of Phoenix or within the documents produced by Phoenix, as such, Enzon cannot produce a witness to testify on the information produced by Phoenix.

Finally, Enzon objects to this area of testimony as seeking legal contentions. Contention interrogatories "are a more appropriate method of discovery for this purpose." *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2004 WL 739959, at *4 (E.D. Pa. Mar. 23, 2004), citing *In re: Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (rejecting attempt to use a Rule 30(b)(6) deposition to discover the factual bases of the defendant's defenses and counterclaims because the information sought was discoverable

- 2 -

through other, less burdensome means); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 90 Civ. 7811 (KC), 1993 WL 34678, at *3 (S.D.N.Y. Feb. 4, 1993) (same). Enzon states that this information has already been produced to Phoenix in other forms. Enzon states further that this 30(b)(6) area of testimony constitutes an improper use of discovery under the Federal Rules.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 2**

Any benefit or enrichment (including but not limited to any consideration, information, advantage, or assistance) that Enzon alleges Phoenix has received related to Modified Arginine Deiminase, including any benefit or enrichment Phoenix utilized in "receiving the '738 patent, ... applying for and obtaining patents within and outside of the United States related to same… engaging in clinical research and . . . making regulatory filings related to the subject matter described and claimed in '738 patent" (Enzon's response to Phoenix's Interrogatory No. 7).

**Objection to Topic No. 2**

Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories. Enzon further objects to this area of testimony as being premature, to the extent that it seeks expert testimony. Enzon also objects to this area of testimony as seeking testimony in the custody and control of Phoenix or within the documents produced by Phoenix, as such, Enzon cannot produce a witness to testify on the information produced by Phoenix.

Finally, Enzon objects to this area of testimony as seeking legal contentions. Contention interrogatories "are a more appropriate method of discovery for this purpose." *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2004 WL 739959, at *4 (E.D. Pa. Mar. 23, 2004), citing *In re: Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (rejecting attempt to use a Rule 30(b)(6) deposition to discover the factual bases of the defendant's defenses and counterclaims because the information sought was discoverable through other, less burdensome means); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 90 Civ. 7811 (KC), 1993 WL 34678, at *3 (S.D.N.Y. Feb. 4, 1993) (same). Enzon states that this information has already been produced to Phoenix in other forms. Enzon states further that this 30(b)(6) area of testimony constitutes an improper use of discovery under the Federal Rules.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 3**
Any information that Enzon alleges Phoenix unjustly used, including but not limited to the "information and work" Enzon alleges that Dr. Mike Clark "stole" from Enzon (Enzon's brief in support of its Rule 12(f) motion to strike, D.I. 43, p. 3)

**Objection to Topic No. 3**
Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

- 4 -

Enzon further objects to this area of testimony as being premature, to the extent that it seeks expert testimony. Enzon also objects to this area of testimony as seeking testimony in the custody and control of Phoenix or within the documents produced by Phoenix, as such, Enzon cannot produce a witness to testify on the information produced by Phoenix.

Finally, Enzon objects to this area of testimony as seeking legal contentions. Contention interrogatories "are a more appropriate method of discovery for this purpose." *See, e.g.*, *SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2004 WL 739959, at *4 (E.D. Pa. Mar. 23, 2004), citing *In re: Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (rejecting attempt to use a Rule 30(b)(6) deposition to discover the factual bases of the defendant's defenses and counterclaims because the information sought was discoverable through other, less burdensome means); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, No. 90 Civ. 7811 (KC), 1993 WL 34678, at *3 (S.D.N.Y. Feb. 4, 1993) (same). Enzon states that this information has already been produced to Phoenix in other forms. Enzon states further that this 30(b)(6) area of testimony constitutes an improper use of discovery under the Federal Rules.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 4**

Enzon's attempts to license and/or licensing of Modified Arginine Deiminase..

**Objection to Topic No. 4**

Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible

DB01:1855732.1                                                                                                          063541.1001

evidence.  Enzon further objects to this area of testimony to the extent it calls for testimony

protected by the attorney-client privilege, work product immunity or any other immunity.  Enzon

further objects to this area of testimony to the extent that it is duplicative of documents already

produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

Subject to and without waiving the General Objections and the foregoing objections,

Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 5**
Enzon's policy, plan, or strategy for marketing and/or commercializing Modified
Arginine Deiminase, including but not limited to launch plans, marketing plans, news releases,
press releases, journal publications, competitive comparisons, product positioning,
demonstrations, forecasts, budgets, market surveys, and market projections.

**Objection to Topic No. 5**
Enzon objects to this area of testimony as overly broad, unduly burdensome and vague,

and as seeking information not reasonably calculated to lead to the discovery of admissible

evidence.  Enzon further objects to this area of testimony to the extent it calls for testimony

protected by the attorney-client privilege, work product immunity or any other immunity.  Enzon

further objects to this area of testimony to the extent that it is duplicative of documents already

produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

Subject to and without waiving the General Objections and the foregoing objections,

Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 6**
All agreements to research, develop, distribute, license, sell, or otherwise conveys rights
in Modified Arginine Deiminase to which Enzon is a party.

DB01:1855732.1                                                      063541.1001

**Objection to Topic No. 6**

Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 7**

All attempts by Enzon to enter into agreements to research, develop, distribute, license, sell, or otherwise conveys rights in Modified Arginine Deiminase.

**Objection to Topic No. 7**

Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 8**

Any communications between Enzon and any investors, venture capitalists, licensees, or potential partners related to Modified Arginine Deiminase from 1996 to the present.

- 7 -

**Objection to Topic No. 8**

Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 9**

Enzon's competitors or anticipated competitors with respect to Modified Arginine Deiminase.

**Objection to Topic No. 9**

Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

DB01:1855732.1

063541.1001

**Category No. 10**
Enzon's projected sales volume (both in dollars and units) for Modified Arginine Deiminase.

**Objection to Topic No. 10**
Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 11**
Enzon's pricing policies, plans, or strategies for Modified Arginine Deiminase.

**Objection to Topic No. 11**
Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

- 9 -

**Category No. 12**
      Enzon's anticipated or projected customer base for Modified Arginine Deiminase.

**Objection to Topic No. 12**
      Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

      Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 13**
      Any actual or planned public or private security offering and/or issuance by Enzon related to Modified Arginine Deiminase.

**Objection to Topic No. 13**
      Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

      Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

DB01:1855732.1

063541.1001

**Category No. 14**

Enzon's actual and projected costs and expenditures relating to the development, manufacture, sale, and marketing of Modified Arginine Deiminase, including but not limited to capital expenditures and operating expenses, and how Enzon allocates cost's.

**Objection to Topic No. 14**

Enzon objects to this area of testimony as overly broad, unduly burdensome and vague, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Enzon further objects to this area of testimony to the extent it calls for testimony protected by the attorney-client privilege, work product immunity or any other immunity. Enzon further objects to this area of testimony to the extent that it is duplicative of documents already produced by Enzon and/or seeks information that is duplicative of Phoenix's interrogatories.

Subject to and without waiving the General Objections and the foregoing objections, Enzon states that it will designate a witness to testify with respect to this area of testimony.

**Category No. 15**

Enzon's actual or projected profits or losses derived from the development, manufacture, distribution, sale, use, or manufacture of Modified Arginine Deiminase.

**Objection to Topic No. 15**

Enzon objects to area of testimony as duplicative of Category No. 14.

DB01:1855732.1                                                                    063541.1001

September 20, 2005

**YOUNG CONAWAY STARGATT**
**& TAYLOR, LLP**

By: _Karen E. Keller_

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West St.,
P.O. Box 391
Wilmington, DE  19801-0391
(302) 571-6600
Attorneys for Plaintiff
Enzon Pharmaceuticals, Inc.

OF COUNSEL:
Richard L. DeLucia
Charles A. Weiss
Michael A. Siem
KENYON & KENYON
One Broadway
New York, NY  10004
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on September 20, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard D. Kirk, Esquire
> THE BAYARD FIRM
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19801

I further certify that on September 20, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY FEDERAL EXPRESS

> Joseph Lucci, Esquire
> WOODCOCK WASHBURN, LLP
> One Liberty Place, 46th Floor
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W .Ingersoll (No. 1088)
John W. Shaw  (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com

*Attorneys for Plaintiff Enzon Pharmaceuticals, Inc.*