IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHOENIX PHARMACOLOGICS, INC., <br><br> Defendant. | Civil Action No.: 04-1285-GMS |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that counsel for Enzon Pharmaceuticals, Inc. have served the attached subpoena directed to Berlex Laboratories.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiff Enzon Pharmaceuticals, Inc.*

OF COUNSEL:

Richard L. DeLucia
Charles A. Weiss
Michael A. Siem
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

Dated: September 26, 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC.,<br>                     Plaintiff,<br>v.<br>PHOENIX PHARMACOLOGICS, INC.,<br>                     Defendant. | SUBPOENA IN A CIVIL CASE<br><br>Pending in the United States District Court, District of Delaware<br><br>CASE NUMBER:<br>04-1285 (GMS) |

TO:    Berlex Laboratories
       340 Changebridge Road
       Montville, NJ 07045-1000

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
      **SEE SCHEDULE A (attached)**

| PLACE:<br>Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004 | DATE AND TIME<br>October 5, 2005<br>9:30am |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Michael A. Siem      *[signature]*<br>Attorney for Plaintiff Enzon Pharmaceuticals, Inc. | DATE<br><br>September 21, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael A. Siem, One Broadway, New York, NY 10004, (212) 908-6206

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |
| DECLARATION OF SERVER | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of as subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d) (2) of this rule, a person commanded. To produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy he materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel produce shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the pace where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise me without undue hardship and assures that the person to who the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to subpoena is withheld on a claim that visit is privilege or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1.  All contracts, licenses, and other agreements entered into between Berlex and Phoenix Pharmacologics, Inc. ("Phoenix"), as well as all drafts of same exchanged between Berlex and Phoenix.

2.  All correspondence and other documents sent from Berlex to Phoenix or from Phoenix to Berlex.

3.  To the extent not included in response to number 2 above, the documents listed in Exhibit A of the Phoenix Pharmacologics, Inc. Termination Agreement dated May 8, 2003.

Note: A Protective Order has been entered in this case pursuant to Fed. R. Civ. P. 26(c) so that confidential information can be produced. A copy of it is attached.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 04-1285-GMS |
| PHOENIX PHARMACOLOGICS, INC., | ) ) ) |
| Defendant. | ) ) |

**AMENDED STIPULATION FOR THE PROTECTION OF
<u>CONFIDENTIAL INFORMATION</u>**

I.   **PREFACE**

The purpose of this protective order is to provide a streamlined process for protecting trade secrets or other confidential research, development, or commercial information that is relevant to the subject matter of this litigation. This protective order is not intended to change or lessen any party's obligation to have good cause, consistent with Rule 26(c), for protection of such information.

II.  **DEFINITIONS**

A. **Confidentiality Definitions**

1.   CONFIDENTIAL material shall be limited to trade secrets or other confidential research, development or commercial information that warrants protection under Rule 26(c).

2.   UNCLASSIFIED material shall be whatever is not CONFIDENTIAL.

B. **Persons Definitions**

1.      TRIAL COUNSEL refers exclusively to the following:

For Phoenix: The attorneys, paralegals, and support staff of Woodcock Washburn LLP; and the attorneys, paralegals, and support staff of The Bayard Firm.

For Enzon: The attorneys, paralegals, and support staff of Kenyon & Kenyon; and the attorneys, paralegals, and support staff of Young Conaway Stargatt & Taylor LLP.

2.      STAFF shall refer exclusively to the following:

For Phoenix: Two individuals to be identified to Enzon who do not have day-to-day responsibility for research or for patent prosecution.

For Enzon: Two individuals to be identified to Phoenix who do not have day-to-day responsibility for research or for patent prosecution.

3.      CONSULTANTS shall be independent experts or consultants (together with their clerical staff) retained by TRIAL COUNSEL to assist in the prosecution, defense, or settlement of this action.

4.      VENDORS shall be persons retained to perform various services such as court reporting, video taping, drafting of exhibits, computerized legal support and management services, and jury consultation services.

5.      QUALIFIED PERSONS shall refer collectively to this Court and its staff and to TRIAL COUNSEL, STAFF, CONSULTANTS, and VENDORS who have taken the steps set forth below to handle CONFIDENTIAL materials.

6.      WITNESSES shall be persons who are identified on a document as author or recipient thereof.

III. **QUALIFICATION PROCESS**

### A. Trial Counsel

TRIAL COUNSEL shall read this protective order and inform their staff generally of its contents. All TRIAL COUNSEL agrees to be subject to this Court's jurisdiction.

### B. Staff

STAFF shall read this protective order and sign the consent attached as Exhibit A. The consent form shall be retained by TRIAL COUNSEL.

### C. Consultants

Prospective CONSULTANTS shall read this protective order and sign the consent form attached as Exhibit A. The consent form shall be retained by TRIAL COUNSEL.

In addition, prior to disclosing any CONFIDENTIAL information to a CONSULTANT, the party seeking to QUALIFY the CONSULTANT shall provide each producing party with: (i) the name of the person; (ii) the present employer and title of the person; and (iii) a current curriculum vitae of the person. Within ten (10) calendar days of mailing (via overnight delivery) or facsimile transmission of this information, any producing party may object on a reasonable basis to granting the proposed CONSULTANT access to that party's CONFIDENTIAL information. The CONSULTANT shall be qualified as to the CONFIDENTIAL information of a producing party either upon express approval of that producing party or upon the failure of that producing party to object to qualification of the CONSULTANT within ten (10) calendar days of the mailing (via overnight delivery) or facsimile transmission.

Failure to object to qualification of a CONSULTANT shall not preclude a non-objecting producing party from later objecting to continued access by that

CONSULTANT where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. If a later objection is made, no further CONFIDENTIAL information of the objecting producing party shall be disclosed to the CONSULTANT until the matter is resolved by the Court or the producing party withdraws its objection. A producing party objecting to any initial proposal of a CONSULTANT or such party making a later objection to a CONSULTANT after he or she has been qualified shall have the burden of filing a motion before the assigned Judge within 10 days after notifying the party that seeks to qualify the CONSULTANT of its objection. The motion shall be noticed for the earliest possible date consistent with the Local Rules and the Judge's calendar.

### D. Witnesses

If either party believes that it is necessary to show a WITNESS a CONFIDENTIAL document that the other party has produced and that identifies the WITNESS as an author or recipient, the receiving party shall identify to the producing party the document (by Bates number) and the WITNESS to whom it is to be shown.

If the producing party believes that the WITNESS should not be shown the document, the producing party shall, within ten (10) calendar days of mailing (via overnight delivery) or facsimile transmission of identification of the document and the receiving party's intent to show it to the WITNESS, object by providing a general explanation for the basis of its belief and why a limitation on disclosure to the WITNESS is necessary and appropriate.

Upon the producing party's objection, the parties will confer and work diligently in an effort to determine if an agreement can be reached on disclosure, and if so, on the

terms and conditions of the disclosure. If the parties are unable to reach agreement they shall present the matter to the Court in accordance with the procedure set forth in Paragraph 3(b) of the Scheduling Order.

## IV. DESIGNATION PROCESS

### A. Generally

#### 1. Documents, Pleadings, and Discovery Material

1. For purposes of this Order, CONFIDENTIAL information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example, and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, compositions, devices, models, prototypes, company records and reports, and any instrument which comprises, embodies or summarizes matter which a producing party considers proprietary and desires not to be made public.

2. When copying is handled by the producing party, the producing party shall clearly label any materials containing CONFIDENTIAL information by marking each page of such materials with a legend, including the case caption, such as shown below, at the time copies are furnished to the receiving party.

CONFIDENTIAL
Enzon Pharmaceuticals, Inc. v. Phoenix Pharmacologics, Inc.
Civil Action No. 04-1285-GMS

3. When copying is handled by the receiving party, promptly after copying documents the receiving party shall inform the producing party which documents it has copied. Within 10 days after such notice, or such other time period as the parties agree on

or the court orders, the producing party shall notify the receiving party of its designations. Pending the designations, all such materials shall be treated as CONFIDENTIAL. It shall be the receiving party's obligation to assure that labels are affixed to each copy made that accurately reflects the producing party's designations.

4. Any CONFIDENTIAL information not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth above shall be designated by the producing party by informing the receiving party in writing.

5. Any party filing documents containing CONFIDENTIAL information with the court, such as portions of pleadings, motions and other documents, shall file such documents in a sealed envelope or other container containing bearing the legend:

CONFIDENTIAL – FILED UNDER SEAL

CONFIDENTIAL information delivered to the Clerk for filing under seal shall be maintained under seal by the Clerk in sealed envelopes or other appropriate sealed containers.

### 2. Deposition Testimony

Deposition testimony shall be designated as CONFIDENTIAL either during the course of the deposition or within 14 days after receiving a transcript. Deposition testimony shall be treated as CONFIDENTIAL for fourteen days after receiving the transcript unless an earlier designation is made. Designations made after the deposition shall be by page and line number. If any producing party is not present at the deposition, all portions of the deposition which reflect any CONFIDENTIAL information of that producing party shall be designated as CONFIDENTIAL.

### B. Inadvertence

The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate CONFIDENTIAL designation, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify the receiving party in writing when inadvertent production is discovered.

If a party through inadvertence produces material without properly designating it, the producing party may give written notice to the receiving party designating such material as CONFIDENTIAL. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall, at the cost of the producing party, return said unmarked materials and not retain unmarked copies thereof, must treat such materials as CONFIDENTIAL, and shall cooperate in restoring the confidentiality of such materials.

Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be retained by counsel for the receiving party without further distribution and counsel shall not use such information for any purpose until further Order of the Court. The party producing such material may then move the court for an Order compelling return of the material, provided that any such motion must be made promptly after notifying the receiving party that privileged information or work-product material has been inadvertently produced. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information.

## V.  PROTECTION AFFORDED

### A. Confidential Information

Any CONFIDENTIAL information subject to this Order shall be used for the purpose of this litigation and not for any other business, proceedings, litigation, or other purposes whatsoever.

Access to CONFIDENTIAL material shall be limited to QUALIFIED PERSONS.

### B. Special Provision for Parties' Subsequent Access To Its Own Confidential Information

The use of CONFIDENTIAL information by opposing counsel will not restrict the ability of TRIAL COUNSEL to show such materials or documents incorporating such material to the client who originally produced the CONFIDENTIAL information, providing that any such disclosure is limited to the client's own CONFIDENTIAL information and/or otherwise consistent with the terms of this Protective Order.

### C. Post-Litigation Protection

#### 1. Return or Destruction

Within sixty (60) days following the conclusion of this litigation, all CONFIDENTIAL information upon request, shall be returned to the producing party, or disposed of pursuant to agreement of the parties. For purposes of this provision, any third party producing CONFIDENTIAL information shall be notified of the conclusion of this litigation within thirty (30) days.

#### 2. Non-Use in Patent Prosecution

No person shall employ CONFIDENTIAL information in the drafting of patent applications or patent claims or in the prosecution of patent applications.

#### 3. Continuing Effect

The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court. However, this Order shall not be construed:

    a.    to prevent any party hereto or its TRIAL COUNSEL from making use of information that was lawfully in its possession before the approval by the Court of this Protective Order;

    b.    to apply to information that specifically appears in issued patents or printed publications through no fault of the non-producing party;

    c.    to apply to information that the other party or its outside trial counsel lawfully obtains from a third party having the right to disclose such information;

    d.    to apply to information developed independently by a party as reflected by written documents; or

      e.    to apply to information that is in the public domain before the date of entry of this order or subsequently becomes part of the public domain through no act of a non-designating party.

However, if one of the aforementioned circumstances occurs while this litigation is pending, the parties shall continue to treat the information as designated until they obtain confirmation that the information is no longer subject to this order, either through written agreement of the designating party or court order.

## VI. DECLASSIFICATION

### A. Meet and Confer Obligation

The parties shall meet and confer regarding any dispute regarding classification of CONFIDENTIAL information. At least five working days shall be allowed between when a dispute is raised and when a motion is filed with the Court, unless good cause for shortening such time is shown.

### B. Burden of Proof

The burden of proof to justify classification shall always be with the person seeking CONFIDENTIAL status. Nothing in this order shall change that burden.

## VII. NON-PARTIES

This Protective Order shall apply to non-party production of materials considered by the producing non-party or a party to contain trade secrets or other confidential research, development, or commercial information which warrants protection under Rule 26(c). As necessary, a party may ask a non-party to execute a document in the form of Exhibit A.

Dated: September 9, 2005        YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                /s/ Karen E. Keller
                                Josy W. Ingersoll (#1088)
                                John W. Shaw (#3362)
                                Karen E. Keller (#4489)
                                Young Conaway Stargatt & Taylor, LLP
                                1000 West Street, 17th Floor
                                Wilmington, DE 19801
Attorneys for Plaintiff,        (302) 571-6600
Enzon Pharmaceuticals, Inc.


                                KENYON & KENYON

                                Charles Weiss, Esquire
                                One Broadway
                                New York, NY 10004
                                (212) 908-6287


Dated: September 9, 2005        THE BAYARD FIRM


                                __/s/ Richard D. Kirk__
                                Richard D. Kirk (#922)
                                222 Delaware Avenue, 9th floor
                                Wilmington, DE 19801
Attorneys for Defendant         302) 655-5000
Phoenix Pharmacologics, Inc.



                                WOODCOCK WASHBURN, LLP

                                Joseph Lucci, Esquire
                                One Liberty Place, 46th Floor
                                Philadelphia, PA 19103
                                (215) 568-3100

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS INC., )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHOENIX PHARMACOLOGICS, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 04-1285-GMS |

### ORDER ENTERING STIPULATED PROTECTIVE ORDER

At Wilmington this ____ day of _____, 2005, IT IS HEREBY ORDERED that the Stipulation for the Protection of Confidential Information is entered as an Order of this Court.

For purposes of filing papers under seal under the EM/ECF system, this Order shall serve as the Order that must be filed with the document filed under seal as required by the EM/ECF rules.

_____
United States District Judge

12

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHOENIX PHARMACOLOGICS, INC., )<br>)<br>Defendant. ) | Civil Action No. 04-1285-GMS |

**DECLARATION AND UNDERTAKING**

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is

_____

_____

_____

_____.

4. I have received a copy of the Stipulated Protective Order entered in the above-captioned action signed by the Honorable Gregory M. Sleet on

_____.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with and agree to be bound by all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under

13

the Stipulated Protective Order, and will use only for purposes of the above-captioned action, any CONFIDENTIAL information which is disclosed to me.

8. I will return all CONFIDENTIAL information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained.

9. I understand and acknowledge that violation of this Undertaking or the Stipulated Protective Order may be punishable by contempt of Court. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in the above-captioned action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:_____          Signature:_____

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on September 9, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard D. Kirk, Esquire
> THE BAYARD FIRM
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19801

I further certify that on September 9, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY FEDERAL EXPRESS

> Joseph Lucci, Esquire
> WOODCOCK WASHBURN, LLP
> One Liberty Place, 46th Floor
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

*Attorneys for Plaintiff Enzon Pharmaceuticals, Inc.*