# THE BAYARD FIRM
ATTORNEYS

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

**FILED ELECTRONICALLY**

(302) 429-4208
rkirk@bayardfirm.com

October 3, 2005

Honorable Gregory M. Sleet
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 18
Wilmington, DE 19801

    Re:    *Enzon Pharmaceuticals, Inc. v. PhoenixPharmacologics, Inc.*
             *C.A. No. 04-1285-GMS*

Dear Judge Sleet:

    Phoenix Pharmacologics, Inc. ("Phoenix") hereby requests permission to file a motion for summary judgment finding no unjust enrichment as asserted in Count III of Enzon Pharmaceutical, Inc.'s ("Enzon") amended complaint. The two independent bases for Phoenix's proposed motion are that:

1. As a matter of law, Enzon's unjust enrichment claim is barred by a statute of limitations, and

2. Even if not time barred, the undisputed facts show that Enzon has no viable claim for unjust enrichment.

    If the Court were to grant permission to file the requested motion and were to grant summary judgment, trial of damages issues would be obviated.

## Background

    This is a civil action initiated by Enzon, pursuant to 35 U.S.C. § 256, to change the inventorship of U.S. Patent 6,183,738 B1 ("the 738 Patent") and to compel Phoenix to assign to Enzon all the rights in the patent that Phoenix received by assignment from Dr. Mike Clark. Dr. Clark is Phoenix's co-founder and the sole inventor named on the 738 Patent. Enzon amended its Complaint in 2005 to additionally allege that Phoenix has unjustly enriched itself at Enzon's expense by, for example, receiving the 738 Patent. This letter brief addresses Enzon's unjust enrichment count.

603782v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet
October 3, 2005
Page 2

In 1994, Plaintiff Enzon, a Delaware corporation with its principal place of business in New Jersey, hired Dr. Mike Clark as associate vice president of research. Dr. Clark worked for Enzon in New Jersey, supervising numerous research projects at the company, including a project that involved linking the protein arginine deiminase ("ADI") to a polymer known as polyethylene glycol ("PEG"). Only two years later, however, Enzon implemented a reduction-in-force that resulted in the dismissal of Dr. Clark. Following Dr. Clark's dismissal, he joined the Ludwig Institute for Cancer Research and continued researching ADI-PEG as a potential anti-cancer treatment. Although Enzon exchanged a number of letters with Dr. Clark and the Ludwig Institute during 1996 regarding the extent to which Dr. Clark would be able to conduct such research in view of obligations that he was alleged to owe to Enzon, no agreement was ultimately reached on this issue, and Enzon did not raise it again with Dr. Clark or any company or other organization with which he was associated. Despite knowing that Dr. Clark was developing PEG-ADI with the Ludwig Institute, Enzon never pursued legal action to prevent Dr. Clark's continued research of PEG-ADI, and never pursued legal action asserting that Dr. Clark misappropriated Enzon's trade secrets.

At the Ludwig Institute, Dr. Clark made several discoveries. In late 1996, based on the success of his research at the Ludwig Institute, Dr. Clark formed Phoenix to further develop the ADI-PEG molecules that he had identified while at the Institute. In 1997, Dr. Clark filed the first patent application upon which the 738 Patent is based, and assigned it to Phoenix. The patent issued in February, 2001. Phoenix's development efforts included conducting human clinical trials of its ADI-PEG compound. It was not until after Phoenix's clinical trial results were published, and Enzon realized how far behind it was in developing a therapeutic composition based on ADI, that Enzon filed the present suit in September 2004. It did not amend its Complaint to assert an unjust enrichment count until July 2005 -- nine years after Enzon corresponded with the Ludwig Institute about Dr. Clark's work and four years after the 738 Patent issued.

### Law and Argument

As a matter of law, Phoenix is entitled to summary judgment because Enzon's unjust enrichment claim is barred by an applicable statute of limitations. Alternatively, Enzon is entitled to summary judgment of no unjust enrichment because Enzon cannot show that Phoenix ever owed Enzon a legal or equitable obligation.

Summary judgment is proper if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chimie v. PPG Indus. Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005). Where the non-movant bears the ultimate burden of proof on the merits, as Enzon does here on unjust enrichment, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a [non-moving] party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23.

576400v1

THE BAYARD FIRM

## As A Matter Of Law, Enzon's Unjust Enrichment Claim Is Barred By A Statute Of Limitations

The Delaware statute of limitations applies to Enzon's unjust enrichment claim. Delaware's borrowing statute requires that the Court apply the shorter of a Delaware statute of limitations or the statute of limitations of the forum where the cause of action arose. See 10 Del. C. §8121 (2005); *Elmer v. Tenneco Resins, Inc.*, 698 F. Supp. 535, 539-40 (D. Del. 1988). Under Delaware law, a claim of unjust enrichment is subject to a three year statute of limitations. 10 Del. C. §8106 (2005); *Medtronic Vascular, Inc. v. Advanced Cardiovascular Sys., Inc.*, C.A.No. 98-80-SLR, 2005 U.S. Dist. LEXIS 1158, *13-14 (D. Del. Jan. 5, 2005). In accordance with the borrowing statute, the court need not consider whether some other state's law would provide for a longer limitations period. There are no potential forums having a shorter statute of limitation with respect to Enzon's unjust enrichment claim. Accordingly, the Delaware's three year statute of limitations applies. The statute of limitations begins to run at the time of the alleged wrongful act, even if the plaintiff is ignorant of the cause of action. *Medtronic*, 2005 U.S. Dist. LEXIS 1158, *13.

All of the events that could reasonably be considered to have started the statute of limitations clock occurred well more than three years prior to Enzon's assertion of its unjust enrichment claim. Enzon claims that Phoenix was unjustly enriched "by receiving the '738 patent, by applying for and obtaining patents within and outside of the United States related to same, and by engaging in clinical research and by making regulatory filings related to the subject matter described and claimed in '738 patent." Phoenix filed the application which ultimately resulted in the 738 patent in 1997, and that patent issued on February 6, 2001 – eight years and four years, respectively, prior to the time Enzon asserted its claim for unjust enrichment. Since all of these events occurred more than three years prior to Enzon's assertion of its unjust enrichment claim, that claim should be disposed of on summary judgment because it is time barred by a statue of limitations.

## Even If The Claim Is Not Barred By A Statute Of Limitations, Enzon Cannot Prove Unjust Enrichment

Summary judgment of no unjust enrichment is also appropriate because Enzon cannot show that it conferred a benefit on Phoenix under a contractual or quasi-contractual relationship.

Delaware's conflict of law rules mandate that the rights and liabilities of the parties be determined by the law of the state which, with respect to the issue, has the most significant relationship to the parties. *Suntex Indus. Corp., Ltd. v. Cit Group/BBC, Inc.*, C.A.No. 99-81-RRM, 2001 U.S. Dist. LEXIS 17656, at *8-10 (D. Del., Sept. 28, 2001); Restatement (Second) of Conflict of Laws §145. Courts review four types of contacts in evaluating which forum has the most significant relationship to the conduct and the parties: the place of the alleged injury; the place of conduct causing the alleged injury; the place of business of the parties; and the place where the relationship, if any, between

THE BAYARD FIRM

The Honorable Gregory M. Sleet
October 3, 2005
Page 4

the parties is centered. *Suntex*, 2001 U.S. Dist. LEXIS 17656, at *8; Restatement (Second) of Conflict of Laws §145.

These factors indicate that New Jersey has the most significant relationship with the parties. Although both companies are incorporated in Delaware, the place of conduct causing the alleged injury (Dr. Clark's employment with Enzon) and the place of the alleged injury are both New Jersey. Further, where, as here, an unjust enrichment claim does not stem from any relationship between the parties, the factor that is usually of the greatest importance is the place where the benefit of alleged enrichment was received. Enzon contends Phoenix unjustly received the benefit of Dr. Clark's work at Enzon, which was performed in New Jersey. The conflict of law factors indicate that New Jersey has the most significant relationship with the parties, and substantive New Jersey law therefore applies.

### New Jersey Unjust Enrichment Law

Under New Jersey law, a claim of unjust enrichment requires that a plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched the defendant beyond its contractual rights. *Prima v. Darden Rest., Inc.*, 78 F.Supp.2d 337, 355 (D. N.J. 2000). An unjust enrichment claim is based on contractual or quasi-contractual liability, and the plaintiff bears the burden of demonstrating such a relationship with the defendant. *Id.* at 355.

It is undisputed that there was no contractual relationship between Enzon and Phoenix. Nor can Enzon establish a quasi-contractual relationship with Phoenix. To establish a *quasi*-contract, Enzon must prove that there was either some direct relationship between it and Phoenix or that there was a mistake on Enzon's part in conferring the alleged benefit. *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 109, 219 A.2d 332, 335 (N.J. Super. Ct. App. Div. 1966). Enzon cannot establish that there was any direct relationship between it and Phoenix; nor can it establish that it made a mistake in conferring the alleged benefit on Phoenix. Because Enzon has not – and cannot – allege that it conferred a benefit on Phoenix under a contractual or quasi-contractual relationship with the expectation of remuneration,[1] its count of unjust enrichment should be dismissed on summary judgment.

---

[1] To the extent Enzon's unjust enrichment claim is based on Dr. Clark's employment agreement, recovery is not permitted. The doctrine of unjust enrichment is not applicable when a valid, unrescinded contract governs the rights of the parties. *Orman v. The American Insurance Co.*, 680 F.2d 301, 310 (3d. Cir. 1982); *St. Paul Fire & Marine Insurance Co. v. Indemnity Insurance Co.*, 32 N.J. 17, 20-21, 158 A.2d 825, 826-27 (N.J.1960).

576400v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet<br>October 3, 2005<br>Page 5

## Conclusion

Phoenix respectfully requests that the Court grant permission for Phoenix to file a motion for summary judgment finding that Phoenix has *not* unjustly enriched itself at Enzon's expense.

Respectfully submitted,

*[signature]*

Richard D. Kirk

RDK/slh
cc:  Courtesy copy to Clerk by hand
     Counsel as shown on attached certificate

576400v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 3, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by email and hand to the above local counsel and by email and U.S. mail to the following non-registered participants:

Charles A. Weiss, Esquire
Michael A. Siem, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004

/s/ Richard D. Kirk (rk0922)

573294v1