EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENZON, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1285-GMS |
| | ) | |
| PHOENIX PHARMACOLOGICS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT PHOENIX PHARMACOLOGICS INC.'S
RESPONSES TO ENZON'S SECOND SET OF
INTERROGATORIES TO PHOENIX (NOS. 7-11)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, Phoenix Pharmacologics, Inc. ("Phoenix") hereby responds to the Second Set Of Interrogatories To Phoenix (Nos. 7-11) of Plaintiff, Enzon, Inc. ("Enzon"). The following responses are based upon Phoenix's present state of recollection, knowledge and belief. They are at all times subject to additional or different information that discovery may disclose and, while based on a present state of recollection, are subject to such refreshing of recollection and such knowledge or facts as may result from further investigation by Phoenix and its attorneys.

Phoenix's answers and objections are made without in any way waiving or intending to waive, but on the contrary intending to preserve and preserving:

1.    The right to object as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding in the litigation of this or any other action;

2.    The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding in the trial of this or any other action; and

3.    The right to object on any ground at any time to other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatories.

## GENERAL OBJECTIONS

1.    Phoenix's General Objections set forth in Phoenix's Responses To Enzon's First Set Of Interrogatories and First and Second Sets Of Requests For Documents And Things are herein incorporated by reference.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 7:**

With respect to Phoenix's contention that Count I of Enzon's Complaint is barred under the doctrines of laches and/or equitable estoppel (Answer to Amended Complaint First Defense), state all facts known by Phoenix that support such contention, identify all persons having knowledge of the subject matter of Phoenix's response to this interrogatory, and identify all documents pertaining to the subject matter of Phoenix's response to this interrogatory.

**Response to Interrogatory 7:**

Phoenix objects to this interrogatory to the extent it seeks information that is subject to attorney-client privilege, work product protection and/or Fed. R. Cir. P. 26(b)(4) immunity.

Phoenix further objects to this request to the extent it calls for a legal conclusion.

Subject to the General Objections stated above and incorporated herein, and without waiving these objections, Phoenix states that in 1994 Enzon hired Dr. Mike Clark as associate vice president of research.  Dr. Clark worked for Enzon in New Jersey,

603774v1

2

supervising numerous research projects at the company, including a project that involved linking the protein arginine deiminase ("ADI") to a polymer known as polyethylene glycol ("PEG"). In 1996, however, Enzon implemented a reduction-in-force that resulted in the dismissal of a number of individuals, including Dr. Clark. Following Dr. Clark's dismissal, he joined the Ludwig Institute for Cancer Research and continued researching ADI-PEG as a potential anti-cancer treatment. Although Enzon exchanged a number of letters with Dr. Clark and the Ludwig Institute during 1996 regarding the extent to which Dr. Clark would be able to conduct such research in view of obligations that he was alleged to owe to Enzon, no agreement was ultimately reached on this issue, and Enzon did not raise it again with Dr. Clark or any company or other organization with which he was associated. Despite knowing that Dr. Clark was developing PEG-ADI with the Ludwig Institute, Enzon never pursued legal action to prevent Dr. Clark's continued research of PEG-ADI, and never pursued legal action asserting that Dr. Clark misappropriated Enzon's trade secrets.

Having not heard further from Enzon, Dr. Clark proceeded with his research at the Ludwig Institute and made several discoveries. Based on the success of his research at the Ludwig Institute, Dr. Clark formed Phoenix to further develop the ADI-PEG molecules that he had identified while at the Institute. In 1997, Dr. Clark filed the first patent application upon which the 738 Patent is based, and assigned it to Phoenix. The patent issued in February, 2001, and Enzon became aware of it shortly after its issuance. Phoenix relied on Enzon's actions and inaction.

Enzon filed the present suit in September 2004. Enzon did not amend its Complaint to assert an unjust enrichment count until July 2005. There were no

603774v1

3

communications or other contact or relationship between Enzon and Phoenix prior to

initiation of the present suit.

Individuals having knowledge of the above-described facts include Dr. Clark,

John Bomalaski, Bor-Wen Wu, Linda Ryan, Dr. David Filpula, and Edward McDermott.

Documents related to this interrogatory include E 2040-2045, E 2051-2058, E

2071-2073, E 2076-2070, & PH 0043-0061.

Phoenix incorporates by reference its responses to Enzon's Interrogatory Nos. 1 &

2.

**Interrogatory No. 8:**
With respect to Phoenix's contention that Count II of Enzon's Complaint is barred
under the doctrines of laches and/or equitable estoppel (Answer to Amended Complaint
Second Defense), state all facts known by Phoenix that support such contention, identify
all persons having knowledge of the subject matter of Phoenix's response to this
interrogatory, and identify all documents pertaining to the subject matter of Phoenix's
response to this interrogatory.

**Response to Interrogatory 8:**

Phoenix objects to this interrogatory to the extent it seeks information that is

subject to attorney-client privilege, work product protection and/or Fed. R. Cir. P.

26(b)(4) immunity.

Phoenix further objects to this request to the extent it calls for a legal conclusion.

Subject to the General Objections stated above and incorporated herein, and

without waiving these objections, Phoenix incorporates by reference its response to

Enzon's Interrogatory No. 7.

**Interrogatory No. 9:**

With respect to Phoenix's contention that Count III of Enzon's Complaint is
barred under the doctrines of waiver, laches and/or equitable estoppel (Answer to

603774v1

4

Amended Complaint Third Defense), state all facts known by Phoenix that support such contention, identify all persons having knowledge of the subject matter of Phoenix's response to this interrogatory, and identify all documents pertaining to the subject matter of Phoenix's response to this interrogatory.

**Response to Interrogatory 9:**

Phoenix objects to this interrogatory to the extent it seeks information that is subject to attorney-client privilege, work product protection and/or Fed. R. Cir. P. 26(b)(4) immunity.

Phoenix further objects to this request to the extent it calls for a legal conclusion.

Subject to the General Objections stated above and incorporated herein, and without waiving these objections, Phoenix incorporates by reference its response to Enzon's Interrogatory No. 7.

**Interrogatory No. 10:**

With respect to Phoenix's contention that Count III of Enzon's Complaint is barred by application of a statute of limitations (Answer to Amended Complaint Fourth Defense), state all facts known by Phoenix that support such contention, identify all persons having knowledge of the subject matter of Phoenix's response to this interrogatory, and identify all documents pertaining to the subject matter of Phoenix's response to this interrogatory.

**Response to Interrogatory 10:**

Phoenix objects to this interrogatory to the extent it seeks information that is subject to attorney-client privilege, work product protection and/or Fed. R. Cir. P. 26(b)(4) immunity.

Phoenix further objects to this request to the extent it calls for a legal conclusion.

Subject to the General Objections stated above and incorporated herein, and without waiving these objections, Phoenix incorporates by reference its response to Enzon's Interrogatory No. 7.

603774v1

**Interrogatory No. 11:**

With respect to Phoenix's contention that Count III of Enzon's Complaint fails to state a claim upon which relief can be granted (Answer to Amended Complaint Fifth Defense), state all facts known by Phoenix that support such contention, identify all persons having knowledge of the subject matter of Phoenix's response to this interrogatory, and identify all documents pertaining to the subject matter of Phoenix's response to this interrogatory.

**Response to Interrogatory 11:**

Phoenix objects to this interrogatory to the extent it seeks information that is

subject to attorney-client privilege, work product protection and/or Fed. R. Cir. P.

26(b)(4) immunity.

Phoenix further objects to this request to the extent it calls for a legal conclusion.

Subject to the General Objections stated above and incorporated herein, and

without waiving these objections, Phoenix incorporates by reference its response to

Enzon's Interrogatory Nos. 7 & 10.

October 3, 2005                    THE BAYARD FIRM

                                   /s/ Richard D. Kirk (rk0922)
                                   222 Delaware Avenue, 9th floor
                                   Wilmington, DE 19801
                                   (302) 655-5000
                                   rkirk@bayardfirm.com
                                   Attorneys for Defendant,
                                   Phoenix Pharmacologics, Inc.

OF COUNSEL:
Joseph Lucci, Esquire
Woodcock Washburn, LLP
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 568-3100

603774v1

6