# THE BAYARD FIRM
## ATTORNEYS

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

**FILED ELECTRONICALLY**

(302) 429-4226
tkovach@bayardfirm.com

October 17, 2005

Honorable Gregory M. Sleet
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Lockbox 18
Wilmington, DE 19801

   Re: *Enzon Pharmaceuticals, Inc. v. PhoenixPharmacologics, Inc.*
     <u>C.A. No. 04-1285-GMS</u>

Dear Judge Sleet:

  Phoenix submits this reply in support of its request for leave to file a motion for summary judgment that Enzon is not entitled to sole ownership of the 738 patent.

  Enzon has failed to raise any genuine factual dispute as to whether or not its employees conceived attaching PEG polymers to ADI derived from the organism *Mycoplasma hominus*. Indeed, it is undisputed that Dr. Clark conceived at least this invention after he left Enzon's employ, such that it is not owned by Enzon.

  Rather than identify genuine factual disputes, Enzon either misrepresents the evidence of record or raises extraneous issues that would not preclude summary judgment that Phoenix has an ownership interest in the 738 patent. For example, Enzon is mistaken with respect to its contention that Phoenix has somehow "admitted" that the product Dr. Clark developed after leaving Enzon "is not an improvement over the Enzon work" (Enzon Opposition Letter Brief at 2). To the contrary, Phoenix has consistently noted that that the product Dr. Clark developed is significantly less toxic than those that Enzon alleges to have been developed by its employees.

  As for extraneous issues, Enzon's contention that Dr. Clark's employment agreement with Enzon requires assignment to Enzon of inventions that he conceived while employed by Enzon is entirely irrelevant to Phoenix's proposed summary judgment motion. Indeed, Phoenix's proposed motion is expressly directed to ownership of inventions that were not conceived until *after* Dr. Clark left Enzon's employ. Moreover, interpretation of Dr. Clark's employment contract is a matter of law, which does not create a material issue of fact precluding summary judgment.

605399v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet
October 17, 2005
Page 2

     Enzon is also mistaken with respect to its suggestion that Phoenix's proposed motion would not dispose of an entire claim. In Count II of the Complaint, Enzon seeks to compel "Phoenix to assign to Enzon *all* right, title, and interest in and to the '738 patent" (D.I. 1 at p.5, emphasis added). Since Phoenix's proposed motion seeks summary judgment that Enzon is not entitled to all right, title and interest in the 738 Patent, granting the motion would dispose of Enzon's Count II.

     Enzon proffers yet another red herring with respect to its citation to U.S. Patent No. 5,804,183 ("the Filpula patent") (Enzon Opposition Letter Brief at 4). Although Enzon contends that the Filpula patent constitutes evidence of what those at Enzon conceived *during* Dr. Clark's employment, the patent could not possibly constitute evidence of such conception. Indeed, the application that ultimately issued as the Filpula patent was not filed with the U.S. Patent and Trademark Office until nearly nine months *after* Dr. Clark left Enzon.

     There is similarly no merit to Enzon's suggestion that Phoenix is somehow seeking merely an advisory opinion (Enzon Opposition Letter Brief at 2). As noted in Phoenix's opening letter brief, the absence of any evidence indicating that an Enzon employee conceived of compounds in which PEG is linked to ADI derived from *Mycoplasma hominus* is relevant to the inventorship – and, hence, ownership – of original claim 6 of the 738 Patent. That issue remains relevant to the claims that were filed in Phoenix's reissue application, as such claims are expressly limited to ADI derived from *Mycoplasma hominus* (Exhibit 1 hereto at p.2).

     For the foregoing reasons, and for the reasons set forth in its opening letter brief, Phoenix respectfully requests that the Court grant Phoenix leave to file its proposed motion for summary judgment that Enzon is not entitled to sole ownership of 738 Patent.

Respectfully submitted,

*/s/ Thomas H. Kovach*
Thomas H. Kovach (#3964)

THK/slh
cc:    Courtesy copy to Clerk by hand
        Counsel as shown on attached certificate
31058-1

605399v1

# EXHIBIT 1

DOCKET NO.: PHOE-0195                                          REISSUE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Reissue Application of:
Mike A. Clark
Original Patent No.: **6,183,738**
Original Patent Issue: **February 6, 2001**
For:   Modified Arginine Deiminase

EXPRESS MAIL LABEL NO: EL 998522502 US
DATE OF DEPOSIT: February 15, 2005

MAIL STOP REISSUE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

PRELIMINARY AMENDMENT IN APPLICATION FOR
REISSUE PURSUANT TO 37 C.F.R. § 1.173

This is a preliminary amendment filed concurrently with a request for reissue of the above-identified patent. Applicants confirm that no new matter is introduced via this amendment. All amendments have been made relative to the issued patent pursuant to 37 C.F.R. § 1.173(d). The status of claims and support for claim changes are supplied on pages following this amendment. Accordingly, applicants respectfully request entry of this amendment.

Enzon, Inc. v. Phoenix Pharmacologics, Inc.
Civil Action No. 04-1285-GMS
PH-03515

- 1 -

DOCKET NO.: PHOE-0195                                                                REISSUE

AMENDMENT

**In the claims:**

1. (Amended) A compound comprising a *Mycoplasma hominus* arginine deiminase covalently bonded via a linking group to polyethylene glycol, wherein the polyethylene glycol has a total weight average molecular weight of from about [1,000] 16,000 to about 40,000, and wherein the linking group is selected from the group consisting of a succinimide group, an amide group, an imide group, a carbamate group, an ester group, an epoxy group, a carboxyl group, a hydroxyl group, a carbohydrate, a tyrosine group, a cysteine group, a histidine group and combinations thereof.

Please cancel claims 5 and 6.

9. (Amended) The compound of claim 1, wherein said polyethylene glycol has a total weight average molecular weight of from about [10,000] 16,000 to about 30,000.

21. (Amended) A method of enhancing the circulating half life of a *Mycoplasma hominus* arginine deiminase comprising modifying said arginine deiminase by covalently bonding said arginine deiminase via a linking group to polyethylene glycol, wherein the polyethylene glycol has a total weight average molecular weight of from about [1,000] 16,000 to about 40,000, and wherein the linking group is selected from the group consisting of a succinimide group, an amide group, an imide group, a carbamate group, an ester group, an epoxy group, a carboxyl group, a hydroxyl group, a carbohydrate, a tyrosine group, a cysteine group, a histidine group and combinations thereof.

Enzon, Inc. v. Phoenix Pharmacologics, Inc.
Civil Action No. 04-1285-GMS
PH-03516

22. (Amended) A method of enhancing the tumoricidal activity of a *Mycoplasma hominus* arginine deiminase comprising modifying said arginine deiminase by covalently bonding said arginine deiminase via a linking group to polyethylene glycol, wherein the polyethylene glycol has a total weight average molecular weight of from about [1,000] 16,000 to about 40,000, and wherein the linking group is selected from the group consisting of a succinimide group, an amide group, an imide group, a carbamate group, an ester group, an epoxy group, a carboxyl group, a hydroxyl group, a carbohydrate, a tyrosine group, a cysteine group, a

DOCKET NO.: PHOE-0195                                          REISSUE

histidine group and combinations thereof.

Enzon, Inc. v. Phoenix Pharmacologics, Inc.
Civil Action No. 04-1285-GMS
PH-03517

DOCKET NO.: PHOE-0195                                                              REISSUE

## REMARKS

This is an application for reissue of U.S. Patent No. 6,183,738, which issued February 6, 2001 with 22 claims directed to modified arginine deiminase.

Patentees note that U.S. Patent No. 6,183,738 is the subject of concurrent litigation (*Enzon Pharmaceuticals, Inc. v. Phoenix Pharmacologics, Inc.*, Civ. A. No. 04-1285, U.S. District Court for the District of Delaware). Patentees request that action not be stayed in this reissue application, and request that the application be examined at this time.

Claims 5 and 6 have been canceled and claims 1, 9, 21 and 22 have been amended. Following entry of the amendments, claims 1 to 4, and 7 to 22 will be pending in the application. Support for the amendments is found throughout U.S. Patent No. 6,183,738. Representative support for the amendments of claims 1, 9, and 21-22 is found, for example, in claim 6 and in the Specification at Col. 3, ln. 67 through Col. 4, lns. 1 to 17. No new matter has been added.

Applicants respectfully submit that the claims are in condition for allowance. Favorable consideration and an early notice of allowance are earnestly solicited.

Respectfully submitted,

*/s/ Wendy A. Choi/*

Wendy A. Choi
Registration No. 36,697

Date: February 15, 2005

Woodcock Washburn LLP
One Liberty Place - 46th Floor
Philadelphia PA  19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

DOCKET NO.: PHOE-0195                                   REISSUE

### STATUS OF CLAIMS AND SUPPORT FOR CLAIM CHANGES
### PURSUANT TO 37 C.F.R. § 1.173(d)

Claims 5 and 6 have been canceled and claims 1, 9, 21 and 22 have been amended. Following entry of the amendments, claims 1-4 and 7-22 will be pending in the application. Support for the amendments is found throughout U.S. Patent No. 6,183,738. Representative support for the amendment of claims 1, 9, 21 and 22 is found, for example, in claim 6 and in the Specification at Col. 3, ln. 67 through Col. 4, lns. 1 to 17. No new matter has been added.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 17, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

The undersigned counsel further certifies that copies of the foregoing document were sent by email and hand to the above local counsel and by email and U.S. mail to the following non-registered participants:

Charles A. Weiss, Esquire
Michael A. Siem, Esquire
Kenyon & Kenyon
One Broadway
New York, NY 10004

/s/ Thomas H. Kovach (tk3964)

573294v1