IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PHOENIX PHARMACOLOGICS, INC.,<br><br>　　　　　　　Defendant. | Civil Action No.: 04-1285-GMS |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that counsel for Enzon Pharmaceuticals, Inc. have served the attached subpoena directed to DesigneRx Pharmaceuticals, Inc.

　　　　　　　　　　　　　　　　　YOUNG CONAWAY STARGATT & TAYLOR, LLP

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Josy W. Ingersoll (No. 1088)
　　　　　　　　　　　　　　　　　John W. Shaw (No. 3362)
OF COUNSEL:　　　　　　　　　　　Karen E. Keller (No. 4489)
　　　　　　　　　　　　　　　　　Andrew A. Lundgren (No. 4429)
Richard L. DeLucia　　　　　　　　The Brandywine Building
Charles A. Weiss　　　　　　　　　1000 West Street, 17th Floor
Michael A. Siem　　　　　　　　　 Wilmington, DE 19801
KENYON & KENYON　　　　　　　　　 (302) 571-6600
One Broadway　　　　　　　　　　 alundgren@ycst.com
New York, NY 10004
(212) 425-7200　　　　　　　　　 *Attorneys for Plaintiff Enzon Pharmaceuticals, Inc.*

Dated: October 19, 2005

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENZON PHARMACEUTICALS, INC., <br>                 Plaintiff, <br> v. <br> PHOENIX PHARMACOLOGICS, INC., <br>                 Defendant. | **SUBPOENA IN A CIVIL CASE** <br><br> Pending in the United States District Court, District of Delaware <br><br> CASE NUMBER: <br> 04-1285 (GMS) |

TO:     DesigneRx Pharmaceuticals Inc
            4941 Allison Parkway
            Vacaville, CA 95688

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
          **SEE SCHEDULE A (attached)**

| PLACE: <br> Kenyon & Kenyon <br> RiverPark Towers <br> 333 West San Carlos Street <br> Suite 600 <br> San Jose, CA 95110 | DATE AND TIME <br> October 28, 2005 <br> 9:30am |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> Michael A. Siem    /s/ Michael A. L. <br> Attorney for Plaintiff Enzon Pharmaceuticals, Inc. | DATE <br><br> October 14, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael A. Siem, One Broadway, New York, NY 10004, (212) 908-6206

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of as subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d) (2) of this rule, a person commanded. To produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel produce shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the pace where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise me without undue hardship and assures that the person to whothe subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to subpoena is withheld on a claim that visit is privilege or subject to protection as trial peparation materials, the claim shall be made expressly and shall be supported by description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1. All contracts, licenses, and other agreements entered into between DesigneRx and Phoenix Pharmacologics, Inc. ("Phoenix"), as well as all drafts of same exchanged between DesigneRx and Phoenix.

2. All correspondence and other documents sent from DesigneRx to Phoenix or from DesigneRx to Berlex.

3. All documents that concern the ownership of United States Patent No. 6,183,738 ("the '738 patent").

4. All correspondence between Phoenix and DesigneRx, and/or Mike Clark and DesigneRx, concerning the licensing of or attempts to license the '738 patent.

5. Any agreements between Phoenix and DesigneRx, and/or Mike Clark and DesigneRx, concerning any research, development, manufacture, sale, marketing, clinical trials of PEG-ADI or any pharmaceutical products containing PEG-ADI.

6. All documents that concern any research, development, manufacture, sale, marketing, clinical trials of PEG-ADI or any pharmaceutical products containing PEG-ADI.

Note: A Protective Order has been entered in this case pursuant to Fed. R. Civ. P. 26(c) so that confidential information can be produced. A copy of it is attached.

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on October 19, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

        Richard D. Kirk, Esquire
        The Bayard Firm
        222 Delaware Avenue, Suite 900
        Wilmington, DE 19801

I further certify that on October 19, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

        Joseph Lucci, Esquire
        Woodcock Washburn Kurtz Mackiewicz, LLP
        One Liberty Place, 46th Floor
        Philadelphia, PA 19103

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Andrew A. Lundgren
        _____
        Andrew A. Lundgren (No. 4429)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        (302) 571-6600
        alundgren@ycst.com

        Attorneys for Enzon Pharmaceuticals, Inc.

DB01:1592760.1